## Duff & Oney v. Rose, et al.

(Decided September 25, 1912.)·

### Appeal from Wolfe Circuit Court.

1.  Contracts—Correction of Mistake In—When Equity Will Correct
    Mistake.—In order to authorize a court of equity to correct a mis-
    take, in a contract, it must be made to appear that it was mutual;
    i. e. shared in by both parties; or if made by one of the parties,
    that the mistake was not caused by his negligence, but by the
    negligence or fraud of the party benefited by the mistake.
2.  Judgment—Setting Aside at Subsequent Term.—It was error for
    the circuit court to set aside at a subsequent term, the order of
    a previous term taking as confessed the allegations of an amended
    petition; in the absence of a showing of some one of the grounds
    provided by the Civil Code for vacating a judgment or order.

S. G. SAMPLE, G. W. FLEENOR for appellant.

A. F. BYRD for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This action was brought by appellant to recover from
appellee, James A. Rose, $365.31, balance alleged to be
due them on account. The account, which was composed
of various items, amounted altogether to $515.31, and
contained a credit of $150.00 for the rent of a farm be-
longing to John Rose, father of the appellee, James A.
Rose, which they leased from the latter for the year
1910.

The answer of James A. Rose, which was made a
counter claim for the recovery of the rent item of
$150.00, controverted only the first item of appellants'·
account, which was the charge of $500.00 for 20,000 to-
bacco sticks claimed to have been sold and delivered him
by them at an agreed price of 2½ cents per stick, or
$25.00 per thousand. The answer did not deny that
James A. Rose purchased and received of appellants
the 20,000 tobacco sticks, but denied that he was to pay
therefor 2½ cents per stick, and averred that the price
he contracted with appellants to pay for the tobacco
sticks was only $2.50 per thousand, amounting in the
aggregate to $50.00.

It was further averred in the answer and counter-
claim that the contract for 10,000 of the tobacco sticks
was made between appellants and appellee, James A.

Rose, in Wolfe County, and by its terms appellants were to make and deliver to the appellee on board cars at a station near their residence, for shipment to Winchester, that number of tobacco sticks at the price of $2.50 per thousand; that shortly thereafter and following appellee's return to Winchester, he wrote appellants telling them that he would purchase from them, delivered at the same time and place for shipment to Winchester, 10,000 tobacco sticks in addition to those included in the first contract, making altogether 20,000 tobacco sticks, and that for these last 10,000 tobacco sticks he would also pay them $2.50 per thousand, and that appellants did thereafter ship and deliver to him the 20,000 tobacco sticks at the agreed price of $2.50 per thousand. After the filing of the answer and counter claim, appellants by reply controverted all of its material allegations and at the same time, which was at the January term, 1911, of the Wolfe Circuit Court, they filed an amended petition wherein the contracts for the sale of the tobacco sticks to the appellee, James A. Rose, were set out in detail; it being alleged that the latter first contracted with them in Wolfe County for 10,000 tobacco sticks, to be delivered on the cars at the station near their residence in Wolfe County for shipment to Winchester, at the agreed price of 2½ cents per stick; that thereafter by letter, which appellee wrote them from Winchester, Ky., he offered to purchase of them an additional 10,000 tobacco sticks to be delivered with the first 10,000, at the same station for shipment to Winchester, at $2.50 per thousand, and that in reply to this letter the appellant, Duff, wrote him that they would not sell him the additional 10,000 tobacco sticks at $2.50 per thousand, but would do so if he would agree to pay them a price of 2½ cents per stick for the entire 20,000 sticks; that in answer to this communication, the appellee wrote them the following letter, accepting the proposition:

"Winchester, Ky., 4-19-1910.

"My Dear Mr. Duff:

"I will trade with you for the 20,000 tobacco sticks at 2½ cents per stick, f. o. b. the car at your station. Please stack them as they are bundled, so they will season. This is a long price for them, but if you will give me good stuff and proper length and nothing over an inch, I will be pleased and am quite sure it will make

you money on your waste stuff. Nathan Tyler promised
to put in those logs at once, so please remind him of it.
With best wishes to you and family, I·am, as ever,"
(Signed)     "J. A. ROSE."

The amended petition contained the further aver-
ment that appellants, in pursuance of the foregoing con-
tract, at once manufactured the 20.000 tobacco sticks,
which they delivered appellee on the car at the price
of 2½ cents per stick, as they had agreed to do, and that
same were duly received by appellee at Winchester. It
was also averred in the amended petition that the con-
tract, as thus made between appellants and appellee,
was twice ratified by the latter after the shipment to
him of the tobacco sticks and before he received them;
the facts as to each ratification being specifically
pleaded. The amended petition made John Rose, the
father of J. A. Rose, a defendant to the action, upon the
ground, as alleged, that he was the owner of the farm in
Wolfe County, which they had rented of James A. Rose,
and interested with the latter in the purchase of the to-
bacco sticks. Between the date of the filing of the
amended petition and the next May term of the Wolfe
Circuit Court, summons was issued thereon and served
upon both James A. and John Rose for the May term,
but neither of them at that term filed an answer or
other responsive pleading to the petition as amended,
in view of which failure, the court at that term, on ap-
pellants' motion, entered an order taking as confessed
the averments of the amended petition.

After this order had been entered, appellants moved
to submit the case, but the court overruled the motion
and entered an order continuing the case, to which rul-
ing they excepted.

Before the beginning of the succeeding term of court
the appellee filed in the office of the clerk of the court,
an answer to the amended petition which was also made
a counter claim. This pleading traversed the averments
of the amended petition and alleged that the appellee,
James A. Rose, in writing the letter to the appellant,
Duff, referred to in the amended petition, made the mis-
take of saying therein that he would accept appellants'
offer to furnish the additional 10,000 tobacco sticks
with the first 10,000 contracted for, at 2½ cents per
stick, for the entire 20,000 delivered on cars for ship-

ment to Winchester; that this mistake was known to the appellants and that, notwithstanding same, they did in fact make and deliver to the appellee, James A. Rose, the 20,000 tobacco sticks at the original and agreed price of $2.50 per thousand, or $50.00 in the aggregate, which tobacco sticks were received by him with the understanding, on his part and that of appellants as well, that they were to be paid for at that rate.

As the case had been transferred to the equity docket at the January term of the court, proof was taken by the parties, in the form of depositions, between the May and September terms. When the September term of the court came on, the court, on appellee's motion and over appellants' objection, entered an order setting aside that of the previous May term taking as confessed the averments of appellants' amended petition, and permitted appellee's answer and counter claim, filed in vacation, to be filed of record, to which rulings appellants excepted.

Appellants then filed a reply controverting the affirmative matter of the answer and counter claim, which was followed by the submission of the case; and by the judgment rendered, appellants' petition was dismissed, and appellee, James A. Rose, allowed to recover over against them on his counter claim, $84.19, the excess of the rent due him from them above the items charged in their account against him, rating the tobacco sticks at only $2.50 per thousand; and from that judgment this appeal is prosecuted. It is insisted for appellants that the circuit court erred to their prejudice.

First—In overruling their motion, made at the May term, to submit the case, and then continuing it;

Second—In setting aside at a subsequent term the order of the previous May term, taking as confessed the averments of appellants' amended petition;

Third—In rendering a judgment not authorized by the law or proof.

In our opinion, each of these contentions is sound. As to the first, it is sufficient to say that as the amended petition was filed at the January term, 1911, and appellee, though duly served with summons thereon, failed to answer or otherwise make defense on or before the third day of the succeeding May term, as required in an equitable action, appellants were entitled, upon the cause of action manifested by the petition as amended,

to the submission asked. Civil Code, section 360, provides:

"On the third day of each term the court shall call all cases on the equity docket, in which the summons has been served, as provided in section 102, and upon failure to defend, may give judgment." Civil Code, section 364.

In granting at the May term the order taking for confessed the allegations of appellants' petition as amended, the court, in effect, recognized their right to a judgment, but when asked to submit the case, arbitrarily refused. Such refusal was error; and the continuance of the case, under the circumstances, being an abuse of discretion, was also error.

In view of the failure of the appellees to answer the amended petition, or otherwise make defense, within the time required by the provisions of the Code, the right of appellants to the order taking for confessed its material averments, was as manifest as was the authority of the court to enter it; and it is a well recognized rule that a court, after entering such an order, is without power to set it aside at a subsequent term, except upon one of the grounds provided by the Code for vacating a judgment; and no such ground was shown or relied on in this case.

It is equally patent that the circuit court erred in its judgment on the merits of the case. It was appellants' contention that the contract made with appellee, James A. Rose, as to both lots of tobacco sticks was, as expressed in his letter, written them from Winchester; that is, he was to pay for them at the rate of 2½ cents per stick; that no mistake was made by James A. Rose in thus writing it, and that he and they so understood the contract. The evidence introduced in their behalf, exclusive of the letter itself, conduced to prove that such was the agreement, and much of it was to the effect that while 2½ cents per stick was a liberal price on the market in Wolfe County, it was not exorbitant or such as would have been unreasonable for the parties to agree upon. Moreover, that appellants, without the labor of making into tobacco sticks the timber used therefor, could have sold it in the rough for as much as appellee claimed he was to pay for the tobacco sticks.

On the other hand, the testimony of James A. Rose, and other witnesses introduced in his behalf, was to the

effect that the price to be paid for the tobacco sticks was $2.50 per thousand, and his testimony alone supported his claim of mistake made in the letter written appellants from Winchester, which is copied in the amended petition.

It must be kept in mind that this letter was the second one he wrote appellants from Winchester; the first was written to advise them that he would, in addition to the 10,000 sticks for which he had contracted while in Wolfe County, take 10,000 more, to be delivered on the cars and shipped to Winchester with the first lot of 10,000, provided appellants would let him have the additional 10,000 tobacco sticks at $2.50 per thousand. In reply, to that letter, appellants wrote him, in substance, that they would not furnish him the additional 10,000 tobacco sticks unless he would pay them therefor 2½ cents per stick, for the entire 20,000, it being claimed in their letter that this was the price they were to receive for the first 10,000. We do not find, in the record, any denial from the appellee, James A. Rose, of the fact that this letter from appellant was received by him, or that the one he last wrote them, copied in the amended petition, was his reply to that letter. He failed to produce appellants' letter to him or to account for such failure, nor is there any denial from him that the last letter written him by appellants was an acceptance of the proposition contained in his second letter to them made a part of the amended petition. The language of the letter from him, last referred to, contains no indication of a mistake. On the contrary, it unmistakably shows his agreement to pay 2½ cents per stick for the 20,000 tobacco sticks, and his recognition of the fact that this price was perhaps above that of the usual market price, for he said in the letter: "This is a long price for them, but if you will give me good stuff, the proper length, and nothing over an inch, I will be pleased, and am quite sure it will make you money on your waste stuff."

Not only does this letter sustain appellants' contention as to the price they were to receive for the sticks, but that contention is further supported by the following facts: After the tobacco sticks were put in the car in Wolfe County, following their inspection by appellee's father and agent, John Rose, a statement made by appellants of their account against James A. Rose, showing among other things the delivery and shipment

of the 20,000 tobacco sticks at 2½ cents per stick was approved and signed by John Rose, and this statement, together with a request for its payment, was mailed to the address of James A. Rose, at Winchester, and was received by him before the tobacco sticks reached Winchester. With this knowledge, he nevertheless received and accepted the tobacco sticks at Winchester, without complaint that the price charged in the statement sent him was in excess of the price agreed to be paid for them, or that a mistake had been made by his agent in approving the account as made out by appellant.

This was, in some sort, a recognition of 2½ cents per stick as the price and a ratification of the act of his agent in approving the account; whereas, a refusal to receive the tobacco sticks at Winchester and notification to appellants of the alleged mistake in the price charged, would have enabled the latter to have made with him some adjustment of the matter, or prevented their surrender of the tobacco sticks.

In our opinion, the evidence as a whole fairly sustains the contention of appellants that the price agreed to be paid by the appellee, James A. Rose, for the 20,000 tobacco sticks was 2½ cents per stick.

It seems to be the well recognized rule that in order that a mistake may come within the cognizance of a court of equity it must be shown to be, first, material; second, mutual, or shared in by both parties to the transaction; third, unintentional, and fourth, free from negligence. Moreover, the party complaining of a mistake must move promptly on its discovery, and if he ratify the mistake or knowingly accept benefits therefrom, after its discovery, he will not be entitled to a correction. It is neither alleged nor proved in this case that the mistake complained of by appellee, was mutual, or that it was induced by the fraud or wrongful act of appellant; on the contrary, it is both alleged and attempted to be proved by appellees that the mistake, if one there was, was solely on the part of James A. Rose, and it is not alleged or proved that the mistake was caused by any act of fraud or wrong doing on the part of appellants or either of them. And it is apparent that a correction of the alleged mistake, as demanded by appellees, would entail upon appellants serious loss, which they could not have had in contemplation when

the contract was made. In Hobson's Exr. v. Commonwealth, &c., 70 Ky., 649, we said:

"It is a peculiar province of courts of equity to correct or to relieve against mistake, but such relief will not be granted to the party who caused the mistake, when to correct it would shift the loss upon another. (McKee v. Hoover, 1 Monroe, 34.) * * * "

In Western German Savings Bank v. Farmers and Drovers Bank, 73 Ky., 674, we also said:

"The rule is that an act done or contract made under a mistake of a material fact is voidable and relievable in equity; but it is essential that the fact must be material to the act or contract, and an efficient cause for its execution, and such as the party could not by reasonable diligence obtain knowledge of it. 1 Story Equity, 148. It is also a well recognized rule of equity where the means of information are open to both parties, and where each is presumed to exercise his own diligence and judgment in regard to all extraneous circumstances, a court of equity will not interfere; or where the fact is equally well known to both parties, and each has equal or adequate means of information, or where the fact is doubtful from its own nature, the parties have acted in entirely good faith, no relief will be granted." Story Equity, 156; Kerr on Fraud and Mistake.

Elaborate and interesting discussion of the doctrine in question will be found in the opinion in the following cases: Hill v. Pettit, 66 S. W., 188, 23 R., 2001; Coleman, &c. v. Ill. Life Ins. Co., 82 S. W., 616, 26 R., 900; Bevins v. J. A. Coaks & Son, 96 S. W., 585, 29 R., 978; East Jellico Coal Co. v. Carter, 97 S. W., 769, 30 R., 174; Crabtree v. Sisk, 99 S. W., 268, 30 R., 572.

It is clear from the foregoing authorities that the law entitled appellees to no relief against the alleged mistake upon such a state of facts as is presented by the record.

For the reasons indicated, the judgment is reversed and cause remanded, with directions to the lower court to set aside the judgment appealed from and enter a judgment for appellants for the full amount of their account sued on, credited by the $150.00 rent admitted to be due appellee.