## Nichols, et al. v. Nichols, et al.

(Decided November 8, 1918)

### Appeal from Metcalfe Circuit Court.

1. Reformation of Instruments—Deed to Husband and Wife—Mistake of Scrivener.—A deed conveying land to a married woman and her husband jointly may be reformed after her husband's death and against his heirs, where it appears that her husband's name was inserted in the deed by the mistake of the scrivener.

2. Reformation of Instruments—Mistake—Degree of Proof.—Reformation of an executed contract on the ground of mistake will not be decreed unless the mistake be established by full, clear and decisive evidence. A mere preponderance of evidence is not sufficient. The ground of relief must appear beyond reasonable controversy.

3. Reformation of Instruments—Evidence—Sufficency.—In an action by a married woman against her husband's heirs to reform a deed conveying land to her and her husband jointly, on the ground that her husband's name was inserted as a grantee by the mistake of the scrivener, evidence examined and held insufficient to show mistake.

BAIRD & RICHARDSON and M. O. SCOTT for appellants.

J. W. KINNIARD for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

The sole question on this appeal is whether the deed conveying 62 acres of land in Metcalfe county to Ann

Eliza Nichols and T. Y. Nichols, her husband, should be reformed and Mrs. Nichols declared the owner of the land on the ground that her husband was named as one of the grantees in the deed by the mistake of the scrivener. The contest is between E. L. Nichols and others, children and descendants of T. Y. Nichols by a former wife on the one hand, and Ann Eliza Nichols on the other. Judgment was rendered in favor of Ann Eliza Nichols, and E. L. Nichols and others appeal.

The land in controversy is a portion of a larger tract of land owned by Edward W. Eubank at the time of his death. Upon the death of Edward W. Eubank and his wife, Margarett Eubank, Ann Eliza Eubank (now Ann Eliza Nichols), her two sisters, Mary Etta Eubank and Luvena C. Eubank, and her brother, David Eubank, children of Edward W. Eubank, became the joint owners of the larger tract and their interest vested prior to the marriage of Ann Eliza to T. Y. Nichols. On August 31, 1892, and after Ann Eliza's marriage to T. Y. Nichols, her sisters, Mary Etta and Luvena, together with her brother, David W. Eubank, conveyed the 62 acres in controversy by deed, the material parts of which are as follows:

"This deed of conveyance made and entered into this 31st day of August, 1892, between Mary Etta Eubank, Luvena C. Eubank and David W. Eubank, parties of the first part, and Ann Eliza Nichols and T. Y. Nichols, her husband, all of Metcalfe county, Kentucky, and heirs at law of Edward W. Eubank and Margaret Eubank, dec., parties of the second part, witnesseth: that said party of the first part, for and in consideration of the sum of ($1.00) one dollar cash in hand paid, the receipt whereof is hereby acknowledged, do hereby sell and convey to the party of the second part, their heirs and assigns, following described property, to-wit: A tract of land in Metcalfe county, Kentucky, near the sinks of Bever creek and known as a part of the Edward W. Eubank farm, said second parties being heirs of said Edward W. Eubank and Margaret Eubank, decd., and all of the heirs being of age have agreed on a division of said lands; said tract of land is bounded as follows:

(Here follows a description of the land.)

"To have and to hold the same together with all the appurtenances thereunto belonging unto the party of the

second part, their heirs and assigns, forever, except eight acres sold to Dilly and the said party of the first part hereby covenants with the said party of the second part, that they will warrant the title to the property hereby conveyed unto the said party of the second part and their heirs and assigns forever."

After the execution of this conveyance, T. Y. Nichols entered, cleared and improved the land. W. W. Baize, a neighbor, says, that in the year 1911, he approached Mrs. Nichols for the purpose of buying the tract in contro-versy. She stated that she was not ready to sell it, where-upon he told her that when she got ready to sell it, he wanted to buy it. "The old man spoke up and said he had tried to get her to sell it but he reckoned she wanted to go down there and live on it, that he had nothing to do with it, that he reckoned she wanted to live on it after he died." It further appears that when T. Y. Nichols died in the year 1914, he left a will purporting to devise all of his property and making no reference to the tract in con-troversy, though referring to other lands which he owned. On the other hand, H. B. Nichols testified that he had a conversation with his stepmother after his father's death, in which he asked her why it was that his father's name was in the deed. She replied that he was going to work on the place and clear and improve it, and she wanted him to have an interest in it. We may add, how-ever, that this witness was discredited by other testi-mony and circumstances appearing in the record.

In support of the finding of the chancellor, Mrs. Nich-ols relies upon the following facts: She became vested with a joint interest in the larger tract owned by her father prior to her marriage. The purpose of the deed in question was to partition the lands of her father and to convey to her that portion to which she was entitled. The deed after mentioning the grantors and grantees re-cites, "All of Metcalfe county, Kentucky, and heirs at law Edward W. Eubank and Margaret Eubank, de-ceased," which statement was not true as to T. Y. Nich-ols. Furthermore, T. Y. Nichols disclaimed any inter-est in the land and never included it in his will, although he made a will devising his other lands and disposing of all his estate.

It may be conceded that a deed conveying land to a married woman and her husband jointly may be reformed

after her husband's death and against his heirs, where it appears that her husband's name was inserted in the deed by the mistake of the scrivener. Courtright v. Courtright, et al., 63 Ia. 19 N. W. 255. However, it is the well established rule in this state that reformation of an executed contract on the ground of mistake will not be decreed unless the mistake be established by full, clear and decisive evidence. A mere preponderanc of evidence is not sufficient. The ground of relief must appear beyond reasonable controversy. Johnson v. Gadberry, 174 Ky. 185, 191 S. W. 865; Cook v. Day, 168 Ky. 282, 181 S. W. 1113; Coleman v. Ill. Life Ins. Co., 82 S. W. 816, 26 Ky. Law Rep. 900; Kolb v. Dubois, 150 Ky. 92, 149 S. W. 1134; Griffith v. York, 152 Ky. 16, 153 S. W. 31; Lindenberger v. Rowland, 158 Ky. 760, 166 S. W. 242; Ison v. Sanders, 163 Ky. 611, 174 S.W. 505; Scott v. Spurr, 169 Ky. 575, 184 S. W. 866; Anderson v. S. V. & E. Ry. Co., 171 Ky. 747, 188 S. W. 772. In the present case, the draftsman of the deed was not introduced nor did anyone who was a party to the transaction testify that it was the intention of the parties to convey the property to Mrs. Nichols alone. Not infrequently land purchased and paid for by the husband or wife alone is conveyed to them jointly by the request of the purchaser. Even though we give full effect to all the circumstances relied on by Mrs. Nichols, the fact nevertheless remains that the parties to the deed may have done exactly what they intended to do. Indeed, the facts relied on are not inconsistent with the theory that Mrs. Nichols, herself, may have suggested that her husband's name be inserted in the deed. It will thus be seen that the evidence relied on does not meet the required standard. At most, it merely tends to show the probability of a mistake and leaves the question in the field of conjecture instead of placing it beyond reasonable controversy. It, therefore, follows that Mrs. Nichols was not entitled to have the deed reformed and that she owns only an undivided one-half interest in the land in controversy.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.