## Litteral v. Bevins.

(Decided January 16, 1920.)

### Appeal from Pike Circuit Court.

1. Reformation of Instruments—Mistake—Burden of Proof.—The burden being on the party alleging a mistake in a written instrument to establish that fact, reformation will not be granted in the absence of strong and most satisfactory evidence of the mistake.

2. Reformation of Instruments—Mistake—Evidence.—To entitle one to reformation the evidence by which the alleged mistake is established must be clear and convincing; where the evidence is conflicting relief will not be granted though a preponderance of the evidence supports the allegation of the mistake. A direct conflict of testimony is conclusive against reformation.

3. Reformation of Instruments—Mistake—Equity.—The province of a court of equity being to reform the writing so as to express what the parties actually agree to, the mistake must be that of both parties, i. e., mutual.

CLINE & STEELE for appellant.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

Appellee and her husband rented their farm to appellant. The contract dated February 26, 1913, contains this provision as to the rental period:

". . . for three years with the understanding that the second party (appellant) is to have it at the same price until the first of March, 1919, if he does want it, for the sum of two hundred dollars per year, to be paid at the end of each year."

Alleging the agreement was for three years with the privilege of two, instead of three additional years and that the year "1919" was written through mistake and oversight of the draftsman, this suit was instituted in January, 1918, by appellee (her husband having died in the meantime) asking for a reformation of the contract and for possession of the property March 1, 1918.

Judgment was entered September 13, 1918, granting the relief sought and ordering appellant to surrender possession of the premises December 31, 1918.

The evidence is conflicting. Appellee read the contract before affixing her signature; she knew the date of expiration was fixed as March 1, 1919, but claims she did not discover the date was a mistake until later, just when she does not say.

Negotiations and discussions relating to the contract occupied a space of about two years preceding February, 1913. The executed contract was copied from a draft made by appellant, certain changes being made to suit Mr. Bevins. It was the understanding of the two persons witnessing the contract that appellant rented the farm for three years with the privilege of keeping it for two additional years; however, one of them, the draftsman, says the contract correctly states the agreement between the parties.

Appellant refused to take the farm for a period less than six years, and says there was no mistake in the date. He denies making certain alleged statements to different persons after the contract was signed to the effect that the rental period was for only five years. Mr. Bevins had erected a residence in Pikeville and was anxious to rent his farm, but after a year or two he became dissatisfied with city life, his longing for the farm returned and he expressed a desire to move back.

Numerically the witnesses favor appellee, but mere preponderance of evidence is not sufficient to reform a

contract on the ground of mistake, the mistake must appear beyond reasonable controversy. Stockhoff v. Brannin, 14 R. 717; Royer Wheel Co. v. Miller, 104 Ky. 741, 47 S. W. 876; Rockport Coal Co. v. Carter, 157 Ky. 555, 163 S. W. 734.

The burden being on the party alleging the mistake to establish that fact, reformation will not be granted in the absence of strong and most satisfactory evidence of the mistake. A direct conflict of testimony is conclusive against the reformation of an instrument.

The rule is thus stated in Griffith v. York, 152 Ky. 14, 153 S. W. 31:

"It is well settled that where a mistake has been made by the draftsman, in the preparation of a deed, equity will afford relief by directing the reformation of the instrument so as to carry out the intention of the parties. Nutall v. Nutall, 26 Rep. 671, 82 S. W. 377; Dean v. Hall, 31 Rep. 1306, 105 S. W. 98. But, in order to entitle one to relief of this character, the evidence, by which the alleged mistake is established, must be clear and convincing. Whitt v. Whitt, 145 Ky. 367, 140 S. W. 570. Where the evidence is conflicting, the relief will not be granted, even though a preponderance of the evidence supports the allegation of mistake. Payne v. Sebree, 14 Rep. 862."

See also Hill v. Pettit, 23 Rep. 2001, 66 S. W. 188; Ashmoore v. Hannen, 157 Ky. 437, 163 S. W. 222; Ison, et al. v. Sanders, 163 Ky. 605, 174 S. W. 505; Nichols, et al. v. Nichols, et al., 182 Ky. 18, 205 S. W. 953; Hauger v. International Trading Co., 184 Ky. 794, 214 S. W. 438.

Equity has jurisdiction to reform written instruments in cases of mutual mistake, i e., a mistake reciprocal and common to all the parties to the transaction, as where there has been a meeting of minds, an agreement actually entered into, but the instrument in its written form does not express the real intention of the parties. For example, where a transaction has been determined upon, but in reducing the agreement to writing, either through a mistake common to both parties, or through the mistake of plaintiff accompanied by the fraudulent knowledge and procurement of defendant, the writing fails to express the real agreement or transaction, reformation is appropriate. Pomeroy's Eq. Juris., 3rd ed., secs. 879 and 1376.

The province of a court of equity is to correct or reform the writing so as to express what the parties

actually agreed to. The mistake must be that of both parties, one occurring in the drafting of a writing as makes it convey the intent or meaning of neither party to the contract. To reform an instrument to accord with the intent of one of the parties when the other is insisting it correctly expresses the agreement as understood by him, the writing thus altered would be just as far from expressing the agreement of the parties as before and, as said in Donian v. Providence Warren & Bristol R. Co., 5 R. I. 130:

"The court would have been engaged in the singular office, for a court of equity, of doing right to one party at the expense of a precisely equal wrong to the other."

In Bispham's Prin. of Eq., Sec. 469, the author says:

"To *reform* a contract, and then enforce it in its new shape, calls for a much greater exercise of the power of a chancellor than simply to set the transaction aside. Reformation is a much more delicate remedy than rescission. Hence, in order to justify a decree for reformation in cases of pure mistake, it is necessary that the mistake should have been mutual. Where the mistake has been on one side only, the utmost that the party desiring relief can obtain is rescission, not reformation. The case is, of course, different if any element of fraud exists; for it has been properly held that where there is a mistake on one side, and fraud on the other, there is a case for reformation."

There is no allegation or claim of fraud on appellant's part. A review of the whole case fails to convince us of the correctness of the chancellor's ruling. The proof of the alleged mistake is not sufficiently satisfactory to authorize reformation. Equity aids the vigilant. Though the negotiations occupied two years, and the contract was executed in February, 1913, neither the pleadings nor proof show when the alleged mistake was discovered. This suit was not filed until January, 1918.

The judgment is reversed with instructions to dismiss the petition.