**HALE v. JAMES E. HANNAH REALTY CORP. et al.**

Court of Appeals of Kentucky.

June 6, 1952.

John F. Coldiron, Frank K. Warnock, Greenup, for appellant.

J. D. Atkinson, Greenup, for appellees.

MOREMEN, Justice.

Appellant, Boone Hale, sought in the Greenup Circuit Court to reform a contract for the purchase of real estate from appellees on the ground that by mistake on his part and by fraud and collusion on the part of defendants, the contract did not convey to him all of the property which he had purchased; and in the alternative he requested that if reformation could not be granted, he recover from appellees sums which he had paid on the purchase price, and damages. The trial court refused reformation of the contract but decreed rescission, and adjudged that appellant recover all sums of money which he had paid to appellees. Appellant urges that this judgment is erroneous and under the facts shown he is entitled to reformation of his contract of purchase.

The property involved is situate in the South Shore Addition near Fullerton in Greenup County, which subdivision was developed by appellees. Discussion of the manner in which the title to the property of this subdivision is held does not appear necessary to the decision in this case because the record shows that party appellees were proper to the suit and were capable of complying with any judgment which the court might enter under the pleadings.

The portion of the subdivision with which we are concerned is triangular in appearance and lies east of the juncture of Ky. Highway No. 7 and U. S. Highway No. 23, the point of intersection being the apex of the triangle. The first lot, as one moves eastward from the intersection, is lot No. 182; the second lot is No. 183; and the third lot, which is at the broad base of the triangle, is No. 184. The property in this triangle is not of great value, the land being low and in some parts swampy.

Mr. James E. Hannah, who was the principal actor in behalf of appellees in connection with the sale and who was familiar with the development and sale of the entire subdivision, went with appellant, who was engaged in the outdoor advertising business, to view the property.

Hale testified that Hannah pointed out to him the boundary lines and told him that the line extended about six feet east of a signboard which point was marked by a dilapidated fence. This signboard assumes great prominence because it is certain from the evidence introduced that it was on lot No. 184 and, therefore, if Hannah pointed it out and told Hale that this signboard was on the land he was trying to sell, the tract consisted of lots 182, 183, and 184, although appellant testified that the lot numbers were not mentioned, that the boundaries only were shown to him.

Appellant agreed to buy the land for $1,000 of which $25 was to be paid at the time of the sale and the balance in monthly installments. The contract of sale was prepared by Hannah and on August 3, 1946, Hale went to his office at which time the contract was handed to him by a young lady. It purported to sell only lot No. 182 and, upon investigation, Hale found that lot 182 covered only a small portion of the boundary which had been shown to him. Mr. Hannah denied that he ever intended to sell any land except that designated as No. 182.

With the principle in mind, that reformation is a more delicate remedy than that of rescission, applied by the trial court, we must examine the evidence to determine if

Hale clearly and convincingly proved facts which demand a change in the form of the written contract of sale.

■ The signboard located on lot 184 was leased to Smoot Advertising Co. of Huntington, W. Va. We emphasize that if appellees sold to appellant the boundary of land, which he claimed in fact was sold to him, the signboard would be on that land, but if he sold only the portion of land designated as lot 182, the signboard would be about 35 feet away from the eastern boundary of lot 182. Appellant definitely stated that Hannah had pointed out a place about 6 feet east of the signboard and told him there lies the eastern line. J. F. Jordan testified that he heard a conversation between Boone Hale and James E. Hannah in Hannah's office and he heard Hannah tell appellant if he bought the property before the next payment became due on the billboard-lease that appellant would be entitled to the rental. Archie Benigar testified he heard a conversation between the interested parties about the Smoot sign and heard appellant tell Hannah that if he received another rental check to send it back because he wanted to build a signboard himself. Ezra Holbrook testified to a conversation he heard between the parties in which Hannah indicated, and the parties apparently agreed, that the line was east of the signboard, so thus we see there is a sharp difference of opinion between appellant and his witnesses on the one side, and Mr. James E. Hannah who was the only witness that testified for appellees in connection with this particular factual issue. Superiority of numbers is not conclusive in evaluating the testimony of witnesses, but in this case there was presented a letter written to appellant, which reads:

"Dear Mr. Hale:

"There is a sign board on your lot you recently contracted to buy from us. The Smoot Advertising Company of Parkersburg, W. Va. pays us yearly rental.

"We have a check from them in the amount of fifteen ($15.00) dollars. Now since the lot is yours the benefit of the check should be yours. Do you want us to credit this amount on your account, or do you want us to send the check to you?

"The office phone number is 2436 in case you want to call instead of coming in.

"Yours very truly,
/s/ James E. Hannah"

In addition to the above letter, a letter from the Smoot Advertising Co. to Hale contained this expression: "We sent Mr. Hannah our check paying one year from that date, and he has returned the same to us, he stating that you are now the owner of the property." It is true that some evidence was introduced to the effect that Mr. Hannah only asked his secretary to write the first letter above quoted, that he did not read it after it was written and it went further than he intended, but we are inclined to the opinion that appellees, under the circumstances shown, were bound by the admission contained in the letter.

In Blanton v. Blanton, 238 Ky. 90, 36 S.W.2d 845, 847, we held that the evidence warranted reformation of a deed on the ground that a 100 foot strip had been left out of the deed to a 26 acre farm through mistake or fraud, saying:

"Appellants argue that the foregoing evidence is not sufficient to meet the requirements of the rule that to reform a written instrument on the ground of fraud or mistake the evidence must be clear and convincing. That such is the established rule there can be no doubt. Litteral v. Bevins, 186 Ky. 514, 217 S.W. 369. But as has been pointed out in numerous cases, this does not mean that there shall be no contrariety in the evidence. Rose v. Lewis, 234 Ky. 53, 27 S.W.2d 413; Trustees of First Christian Church of Ft. Thomas v. Macht, 228 Ky. 628, 15 S.W.2d 509."

■ We are of opinion that appellant satisfactorily met the requirements of proof, and, therefore, the judgment is reversed with directions that upon return to the circuit court a judgment be entered reforming the contract of purchase.