**HOPPER et al. v. SHOO et al.**

Court of Appeals of Kentucky.

June 13, 1952.

T. A. Luman, John H. Chandler, Louisville, Ky., for appellants.

Boldrick & Gocke, Lyndon Everbach, Louisville, Ky., for appellees.

STANLEY, Commissioner.

This is an action to reform a deed. The lower court decreed that the deed should be reformed because of a mutual mistake. The appellants, Raymond Hopper and wife, seek the reversal of the judgment on the ground that only the appellee was laboring under a mistake.

Henry Shoo owned three adjoining residences fronting on St. Xavier Street in Louisville, known as Nos. 2635, 2703, and 2705. The total frontage of the three lots was 100 feet, with a depth of 191 feet to Gilligan Street. There was a two-story warehouse, approximately 70 ft. x 100 ft. in size, covering the rear of the three lots and known as Nos. 2700 and 2706, Gilligan Street. Henry Shoo sold the west house, No. 2705, with a frontage of 25 feet and a depth of 117 feet, 2 inches. This line extended back to the warehouse but did not include it.

Henry Shoo died in 1939 and devised all his estate to his wife, the appellee, for life with a power of sale with consent of a trustee. Lot No. 2703 St. Xavier was offered for sale in 1944. Williams Zeiser, who later married the appellee, was acting as her agent. Appellants inspected the property with Zeiser and they orally agreed to buy the house provided financing could be arranged. The loan company that financed the transaction prepared the deed, which called for a depth of 191 feet. This included one-third of the warehouse. The transaction was completed and the deed executed in April, 1945. Neither party read the deed.

Appellants executed a $500 note to secure the remainder of the purchase price until certain repairs should be made. At the time the note was paid appellants claimed part of the warehouse, since their deed called for a depth of 191 feet. The appellee then brought this action for reformation of the deed.

The evidence in regard to mutual mistake is conflicting. Zeiser testified that when they inspected the premises, Hopper asked about the dimensions and referred to the large warehouse, and also asked about ingress and egress. Zeiser told him that he would have to use St. Xavier Street since the property line only ran to the warehouse. Hopper denied that such conversation took place or that the warehouse was ever mentioned. When appellant made application for the loan, he apparently did not know the width or depth of the property. This large warehouse not only occupied the rear of the lot in controversy but also the two adjoining lots. The appellants made no demand for any part of the rentals of the warehouse until August 20, after the transaction had been closed in April. It is hardly possible to believe that when the purchase was made the appellants had in mind that they were buying one-third of the large warehouse, which extended over the three lots. Appellants contend that the appellee's failure to read the deed precludes reformation. Since the loan company prepared the deed and handled the closing of the transaction, there is no merit in that contention.

The appellants contend that since there was a conflict of evidence, this conclusively shows that there was no mistake on

their part. The clear and convincing proof of mutual mistake is not confined to express statements of witnesses. Regard must be had for the character of the testimony, the coherency of the whole case, documents, circumstances and other facts. It does not mean that there should be no contrariety in the proof. If that were true, the remedy of reformation would be rare indeed. Irwin v. Westwood Real Estate & Development Co., 200 Ky. 760, 255 S.W. 546. Before reformation of a deed will be granted, the evidence showing mutual mistake must be clear, convincing and beyond reasonable controversy. Trustees of the First Christian Church v. Macht, 228 Ky. 628, 15 S.W.2d 509. We think the evidence in this case meets those requirements.

Judgment affirmed.