Mary W. ANGEL et al., Appellants,

v.

Sally Ogg BROWN et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1957.

Rehearing Denied Jan. 17, 1958.

Guy K. Duerson, Jr., Berea, James S. Chenault, Richmond, for appellants.

Thomas D. Shumate, George T. Ross, Richmond, for appellees.

PER CURIAM.

This is a motion for an appeal from a judgment reforming a deed executed and delivered by appellees to appellant, Mary W. Angel, and dismissing appellants' complaint for damages for breach of a general warranty covenant. The amount of damages sought was $2208.72. This litigation resulted because appellants were denied by court judgment the use of a passway over one Rowlette's land which was provided for in their deed from appellees.

Appellants first contend the lower court erred in overruling their motion to dismiss appellees' answer and counterclaim. They claim, relying upon CR 9.02, appellees' allegation of mutual mistake was not set forth in their pleading with particularity. We do not agree.

A pleading which alleges facts from which a mutual mistake may be readily inferred is generally regarded as sufficient. Employers Liability Assur. Corp. v. Johnson County, Ky., 262 S.W.2d 367. Appellees' plea of mutual mistake certainly met the test laid down in the case just mentioned.

They next maintain appellees did not support their allegation of mutual mistake with proof that was clear and convincing. Physical facts did not establish the existence of a passway at the time the property was purchased by appellants. Although there was some conflict in the evidence, the preponderance of the proof showed a mutual mistake to have been made when the passway was included in the deed. The rule requiring "clear and convincing proof" to reform a written instrument does not necessarily mean that there should be no contrariety in the proof, for if it did the occasions for the application of the

remedy would be rare indeed. See Trustees of First Christian Church of Ft. Thomas v. Macht, 228 Ky. 628, 15 S.W.2d 509. We believe the lower court correctly adjudicated this point.

Wherefore, the motion for an appeal is overruled and the judgment is affirmed.