Bruce WAGNER et al., Appellants,

v.

Palmer RATLIFF et al., Appellees.

Court of Appeals of Kentucky.

June 24, 1960.

W. A. Daugherty, Pikeville, for appellants.

Baird & Hays, Pikeville, for appellees.

MILLIKEN, Judge.

This suit was brought by the appellees as an action in ejectment against the appellants to determine the north property line of the real property owned by the appellees. The appellants contend that the call South 68 25 West is a mistake, and ask that the deed be reformed so that the call is South 61 18 West.

In February, 1948, Roma Wagner agreed to convey to her daughter, Violet Little, tract No. 1 of the land which is involved in this action. After this agreement but prior to the execution of the deed, the parties procured the services of Lon Ford, an engineer, to survey this parcel of land which was to be carved out of Roma Wagner's land. He surveyed it and furnished the description which is in controversy here. Thereafter, there were several conveyances between the appellant Bruce Wagner, his daughter Violet Little, and his former wife Roma Wagner in all of which

the call in controversy was used in conformity to the surveyor's description in the original deed from Roma to her daughter. Violet Little, and her husband, Kermit Little, conveyed to the appellees the same property, and the deed contained the same description as to the north property line which was used in the 1948 conveyance and subsequent conveyances between the Littles and the Wagners. In the conveyance to Violet Little of tract No. 2, Bruce Wagner (who then owned the other land formerly belonging to Roma) excepted mineral and gas rights, a gas well with a fifteen foot circle around the well, together with rights necessary and convenient to the operation and removal of the minerals and gas. He further excepted a fifteen foot roadway beginning on the north side of the Violet Little lot and running along the north side of that lot. However, in describing tract No. 2 he used the disputed call prepared by the surveyor for tract No. 1, extended as the north line of tract No. 2.

The chancellor, relying on Reiss v. Wintersmith, 241 Ky. 470, 44 S.W.2d 609, Sutton v. Noe, 289 Ky. 294, 159 S.W.2d 997, and Hopper v. Shoo, Ky., 249 S.W.2d 806, which, in substance, state that before reformation of a deed will be granted the evidence showing mutual mistake must be clear and convincing and beyond reasonable controversy, held that the appellants would not be granted reformation. While Bruce and Roma Wagner and the Littles all testified that there was a mutual mistake, Lon Ford testified that he surveyed the property in 1948 at the request of Bruce Wagner and that the calls in the deed were made at the direction of Bruce Wagner. Ford's testimony is contradicted by Bruce and Roma Wagner. In any event, the appellees were not parties to the original mistake as to the description if there was a mistake.

The evidence is also contradictory as to the appellees being purchasers for value without notice. Bruce Wagner and the Littles testified that a line of stakes was pointed out to Palmer Ratliff. Ratliff's

testimony is that the appellants were not sure of the line, but pointed it out in a general way. The chancellor made no finding of fact on this issue.

On this appeal the appellants urge as error that the chancellor: (1) Required them to assume the burden of proof; (2) adjudged that the division line was on the line South 68 25 West, and quieted title in the appellees to that line; (3) enjoined the appellants from coming on, over or upon the land in dispute, except insofar as their gas rights and rights to the gas well are concerned; and (4) adjudged that the gas well was on tract No. 2 of appellees' property.

In the case at bar, the appellees have a warranty deed from the appellants to the land described; it is the appellants here who seek reformation of the deed. In Sutherland Bros. v. Travelers' Insurance Company, 245 Ky. 756, 54 S.W.2d 340, 342, the reformation of a compensation policy was sought on the ground of mutual mistake. Speaking of both the sufficiency of the evidence needed to establish mutual mistake and on which party the burden of proof as to mutual mistake is placed, the Court said: "The burden being on the party alleging the mistake, to establish that fact, reformation will not be granted in the absence of strong and most satisfactory evidence of the mistake. A direct conflict of testimony is conclusive against the reformation of an instrument." The above language was quoted with approval by this Court in the more recent case of Vernon Casualty & Reinsurance Company v. Rosenberg, Ky., 280 S.W.2d 207.

That the above principle applies to reformation of deeds as well seems clear from Reiss v. Wintersmith, supra, Sutton v. Noe, supra, and Hopper v. Shoo, supra. In the Reiss case, this Court said, at 44 S.W.2d 613: "A direct conflict in the evidence as to the mutuality of the alleged mistake in the deed is conclusive against its reformation. * * * More than a mere preponderance of evidence is required to secure a reformation of a deed." Therefore, the chancellor was correct in denying reformation and placing the burden of proof on the appellants on the issue of mutual mistake. His judgment is sustained as to tract No. 1.

So far as tract No. 2 is concerned, Bruce Wagner deeded only a "surface estate" to the Littles and expressly reserved the rights to the gas and minerals generally "together with all the necessary and convenient rights for the operation and removal of minerals * * * (and) * * * the gas well now on the premises and so much of the surface as is included in a circular area described by a radius of fifteen feet around the center of said gas well * * * (and) * * * also reserves the right across the lands herein described to lay and maintain pipes and pipe lines as may be necessary for use and enjoyment of the said free gas." In the conveyance from the Littles to the Ratliffs the deed recites, "This deed of conveyance is for all the right, title and interest that the first parties (grantors) have and own * * * and that they hereby warrant the title to same," subsequently excluding the mineral rights.

It is thus apparent that the chancellor's judgment must be limited to quieting the title to the "surface estate" in tract No. 2 with the exception of the area within a radius of fifteen feet around the gas well, the fee of which remains in Bruce Wagner. Wagner also has the right of access as set forth in his deed to the Littles. The judgment shall be modified accordingly.

The judgment is affirmed in part and reversed in part.