**Christian H. MEYERS, Appellant,**

v.

**Lellia R. MEYERS, Appellee.**

Court of Appeals of Kentucky.

Nov. 22, 1963.

William E. Nichols, Alvin B. Trigg, Lexington, for appellant.

J. Owen Reynolds, Robert Hays, Lexington, for appellee.

CLAY, Commissioner.

This suit was brought by appellee to sell a city lot of which she was a joint owner. Appellant denied her title on the ground the inclusion of her name in the deed was a mistake. The Chancellor found for appellee.

The parties, though not married, had lived together for many years as husband and wife. In 1949 appellant acquired the lot in controversy, furnishing the entire consideration therefor. A joint survivor-

ship deed was made to him and appellee (the latter being therein designated "his wife"). In 1960 the parties severed their relationship and subsequently appellee asserted her claim.

The issue on appeal is whether there was substantial evidence to support the Chancellor's finding that there was no mistake in the execution of the deed. (Appellant contends he was not required to make such a case as would entitle him to reformation, but it seems obvious that unless the terms of the deed are altered appellee has a perfectly valid record title.) The only evidence of mistake is appellant's testimony that he did not realize the legal effect of the deed, and he did not intend appellee to have an interest in the property. Opposed to this self-serving testimony is abundant evidence rebutting it.

The grantor made no mistake. Appellee's name was given to him by appellant for the purpose of being put in the deed. Appellant was aware that her name appeared therein as a grantee. It was a natural thing for him to do since the parties lived together as husband and wife and apparently shared their incomes and other properties. In addition, shortly after the acquisition of the property in controversy, appellant bought an adjoining lot and a similar deed was executed. When this other lot was later sold, appellant knew it was necessary for appellee to join with him in executing the conveyance. This surely put him on notice that being named as a grantee in a deed gave her some title or interest in the property. Finally, with full knowledge of the terms of the deed and its apparent legal effect, for longer than 10 years appellant made no attempt to rectify what he now claims was a mistake.

█ While under certain circumstances a deed may be reformed because of a mistake as to its legal effect (Collier's Guardian v. Collier, 229 Ky. 746, 17 S.W.2d 1028), and it may be reformed for a unilateral mistake where property is conveyed as a gift (Twyford v. Huffaker, Ky., 324 S.W.

2d 403), it is always necessary that the mistake be established by full, clear and decisive evidence. Nichols v. Nichols, 182 Ky. 18, 205 S.W. 953. This appellant failed to do.

█ Appellant cites the Nichols case as a leading one and apparently relies on the principle of law therein followed. The facts are similar to those before us and that decision is directly contrary to his position. The determination of the Chancellor that appellant had failed to establish a mistake justifying reformation of the deed was amply supported by the evidence and we find no error in the judgment.

The judgment is affirmed.