**Troy T. DESKINS et al., Appellants,**

v.

**Clarence LESLIE, Appellee.**

Court of Appeals of Kentucky.

Feb. 26, 1965.

Francis D. Burke, Pikeville, for appellants.

Dan Jack Combs, Pikeville, for appellees.

CLAY, Commissioner.

By cross-claim in a declaratory judgment action appellants sought reformation of a deed on the ground of mutual mistake. This relief was denied by the Chancellor.

The land involved was at one time jointly owned by two sisters. It had been divided and the mineral interests severed from the surface. Appellee had acquired both surface and mineral rights in the land. He conveyed his surface title to appellants. The latter claim it was the intention of the parties to include in the deed a conveyance of the mineral rights as well.

Appellants offered substantial proof of mutual mistake. However, appellee's testimony and the surrounding circumstances tended to prove the contrary. It was shown that the purchase price paid by appellants was $10,000 less than the figure fixed in prior negotiations when the conveyance of the mineral rights was contemplated. In view of the knowledge appellants had of the different interests in the land owned by appellee and in view of the extensive negotiations of the parties, it is difficult to understand why the conveyance of the minerals was omitted from this deed if they were intended to be included. In any event, the Chancellor's conclusions are amply supported by the record.

In examining the law with respect to the quantity and quality of evidence which will justify the reformation of a written instrument, we find a discrepancy in our opinions. Time and again we have given lip service to the proposition that "[a] direct conflict of testimony [or in the evidence] is conclusive against the reformation of an instrument". Litteral v. Bevins, 186 Ky. 514, 217 S.W. 369; Reiss v. Wintersmith, 241 Ky. 470, 44 S.W.2d 609;

Sutherland Bros. v. Travelers' Insurance Company, 245 Ky. 756, 54 S.W.2d 340; Vernon Casualty and Reinsurance Company v. Rosenberg, Ky., 280 S.W.2d 207; Wagner v. Ratliff, Ky., 337 S.W.2d 24. Though in these cases such a rule is stated, some of the opinions proceed to examine the evidence and to determine whether, in spite of the conflict, the party seeking reformation has established his claim by strong, convincing or most satisfactory evidence of mistake.

In other cases we have pointed out that the quoted rule cannot be justified and will not be followed. Maupin v. Sumpter, 308 Ky. 713, 215 S.W.2d 832; Karrick v. Wells, Ky., 307 S.W.2d 929; Angel v. Brown, Ky., 308 S.W.2d 286. The Maupin case specifically overruled Litteral v. Bevins, 186 Ky. 514, 217 S.W. 369, on this point. The time has come to expurgate the quoted proposition from the law of reformation because it is not sound and has no practical or legal value. To the extent the cases cited in the preceding paragraph, and other cases, have applied the principle we are condemning, they are overruled.

It is difficult to be definitive with respect to the quantity and quality of evidence necessary to sustain the burden imposed on a party seeking reformation of a written instrument. As observed in French v. Boyle, 230 Ky. 619, 20 S.W.2d 439, each case must be determined upon its own peculiar facts and circumstances. It was further observed in that case that the evidence must be "clear, unequivocal and convincing", or "strong and most satisfactory", or must establish the mistake "beyond reasonable controversy". These standards are generally applied to justify a decision one way or another.

We think the terms "clear and convincing" are sufficient as a standard of measurement. See Karrick v. Wells, Ky., 307 S.W. 2d 929; Pressley v. Morton, Ky., 325 S.W.

2d 81. Additional terminology and criteria do not aid in the solution of the problem. A party has sustained the burden of proving a right of reformation on the ground of mistake if the evidence favorable to him is sufficient in quantity and quality to be *clear and convincing*.[1]

That is exactly the test applied by the Chancellor in this case. We can find no error in his judgment.

The judgment is affirmed.

1. The same considerations apparently would apply where reformation was sought on the ground of fraud.