CASE 95.—ACTION BY D. K. PREWITT AGAINST SARAH F. GLASSCOCK AND OTHERS.—April 19, 1910.

## Prewitt v. Glasscock, &c.

Appeal from Henderson Circuit Court.

J. W. HENSON, Circuit Judge.

From a judgment of dismissal, plaintiff appeals.— Affirmed.

1. Principal and Surety—Existence of Relation—Evidence.—Evidence held to justify a finding that one was a principal in a lease and rent notes, and not a surety, within Ky. St. section 2548, providing that a surety shall be discharged from liability under any judgment after the lapse of seven years without any execution issued thereon.

2  Appeals and  Error—Review—Findings—Conclusiveness.— Where, in an equity case, the proof is conflicting, the chancellor's findings will not be disturbed, though the Court of Appeals will, in equity cases, give judgment according to the weight of the evidence.

THOMAS E. WARD for appellant.

J. W. JOHNSON and VANCE & HEILBRONNER for appellees.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

On January 12, 1893, the  appellees, Sarah F. Glasscock and James Glasscock, by a contract in writing leased to J. A. Prewitt, J. F. Prewitt, and the appellant, D. K. Prewitt, 70 acres of land in Henderson county for a term of five years. The writing in question was signed by all the parties, both lessors and lessees. Five notes were given by the lessees, one for each year's rent.  When the lease expired the notes  mentioned  had all been paid, except a

balance of $15 on the fourth note, and the fifth note
of $90.   Appellees brought suit on these two notes
in the Henderson Circuit Court, and on January 3,
1897, obtained judgment by default against appel-
lant and J. A. and J. F. Prewitt for the amounts
respectively due thereon.   Executions issued on the
judgment January 13, 1899, which was returned by
the sheriff "No property found."   On August 10,
1907, a second execution was issued on the judgment,
which the sheriff received and levied on a tract of
land situated in Henderson county belonging to the
appellant.   After the levy of the execution the land
was advertised by the sheriff for sale; but before the
date fixed   for the sale   appellant instituted this
action against the sheriff and appellees, plaintiffs
in the execution, and therein obtained an injunction
to prevent the sale.   It was averred in the petition
that J. A. Prewitt was principal, and the appellant
(D. K. Prewitt) and J. F. Prewitt were only sure-
ties for J. A. Prewitt in the lease contract and rent
notes executed to appellees, that more than seven years
elapsed between the issuing of the first and last exe-
cutions, that by reason of such lapse of time appellant
was released as such surety from all liability on the
judgment, and that same was as to him barred by the
statute of limitations, which was duly pleaded.   The
answer of appellees traversed the averments of the
petition. The case was submitted upon the issue thus
made and the proof taken thereon, and by the judg-
ment rendered the circuit court rejected appellant's
plea of the statute of limitations, held him liable
upon the judgment, and   dismissed his action and
injunction.   From that judgment he has appealed.

Section 2548, Ky. St. provides: "A surety shall be
discharged from all liability under any judgment

or decree, after the lapse of seven years without any execution issued thereon, and prosecuted in good faith for the collection thereof.'' With respect to the question whether appellant was one of the principals, or only a surety, in the lease contract and notes, the evidence found in the record was very conflicting. It appears that J. A. Prewitt is the father of J. F. Prewitt and the appellant, D. K. Prewitt. The latter testified that he signed the contract and notes because his father asked him to do so, that he had nothing to do with making the contract, and that he was only 20 years of age when it was executed. He further testified that the land was rented by his father and was controlled by him just as he did the home place. He admitted, however, that he alone cultivated the place for two years, but claims that for those years he gave his father one-third of the crops produced on the land for the rent of the place, and retained two-thirds of such crops for himself. His brother, J. F. Prewitt, testified that he cultivated the land three years, that he got one-half the crop raised each of these years and his father the other half, and that he and appellant signed the lease contract and notes as sureties for their father. M. W. Newman testified that he was a sub-tenant of appellant on this place one year, making a crop, one-half of which went to appellant and the other half to the witness; that appellant rented the land from his father, and gave him one third of all the crops that were raised on it. Mrs. E. F. Cosby, a sister of appellant, testified that the land in question was leased on her account; that immediately after it was leased she and her family, consisting of herself and four children, moved on the land; that her brother, James F. Prewitt, lived

there with them; that she and her brother lived there three years, and then moved to her father's; that when she left the place appellant moved thereon; and that both appellant and J. F. Prewitt paid their father part of the crops they raised on the place by way of rent.

For appellees, Henry Jones testified that he was a tenant under appellant one year on this place, and gave appellant one-half of what he made, and that appellant told him he had rented the place. E. B. Glasscock, agent for appellees, testified that the farm was rented to appellant and that appellant lived there the greater part of five years; that he asked appellant for the rent money, who told him that he did not have it, but promised to give him a note, which was never done. This statement of Glasscock was, however, on rebuttal, contradicted by Prewitt. J. B. Nunnelly testified that he was a tenant of appellant on this farm the year after Henry Jones moved away; that he worked the land on shares, and was to give appellant half the corn and tobacco raised on the place; and that appellant told him he had rented the farm for five years, and his father had gone on his note. Nunnelly also testified that appellant lived on the farm continuously for five years. J. T. Snow testified that appellant lived on the Glasscock farm in the years 1893 to 1897, inclusive, and W. T. Benton testified that appellant lived on the farm four or five years.

In view of the contrariety of evidence, it was no easy matter for the circuit court to determine the question at issue between the parties. There was, however, another material fact, to which we have not as yet adverted, that seemed to largely control that court in rendering the judgment complained of, which

was that the written lease designates appellant as a lessee, for it says: "This instrument, made and entered into this 12th day of January, 1893, between Sarah F. Glasscock and James Glasscock, of Henderson county, Kentucky, lessors, and J. A. Prewitt, J. F. Prewitt, and D. K. Prewitt, of said county, lessees, witnesseth. * * * " All through the writing the three Prewitts are designated as lessees, and the instrument is signed by the two Glasscocks and by the three Prewitts; the name of the father, J. A. Prewitt, appearing thereto the second time below his own name and that of his two sons. In addition, it appears from indorsements on the writing in question, made by the deputy of the clerk of the Henderson county court, that it was duly acknowledged by both the lessors and lessees; appellant's name being among the latter. The fact that appellant's name thus appears in and to the lease as one of the lessees is a strong circumstance tending to show that he was one of the principals, and not a surety, in the transaction. The notes that were executed by the lessees do not appear in the record; but it is not claimed that they contained anything to show that appellant was only a surety therein. Nor is it alleged in the petition that there was any mistake made in the lease, or any of its terms, in designating appellant as one of the lessees, or a principal, and it is not claimed by him that he signed the instrument or the notes under any misapprehension of his rights.

In view of the evidence as a whole, we are not prepared to say that the circuit court erred in the judgment rendered. While in this court, in equity cases, "judgment will be given according to the weight of the evidence and the truth as it shall appear from the whole record, yet where the proof is

conflicting, and on the whole case there is doubt, the chancellor's judgment will not be disturbed." Flowers v. Moorman and Hill, 86 S. W. 545, 27 Ky. Law Rep. 728; Campbell v. Trosper, 108 Ky. 602, 57 S. W. 245, 22 Ky. Law Rep. 277; Bank of Campbellsburg v. Minor, 99 S. W. 227, 30 Ky. Law Rep. 496; Akers v. Akers, 101 S. W. 842, 31 Ky. Law Rep. 36; Quigley v. Beam's Adm'r. et al., 125 S. W. 727.

For the reasons indicated, the judgment is affirmed.