## Baptist Book Concern v. Deitzman.

(Decided October 20, 1910.)

Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

The question in this case is as to the commission of appellee for securing certain advertising matter for the Western Recorder. Held that if the contract as made was entered into by mutual mistake and did not express their true agreement it was proper for the chancellor to reform it.

BURWELL K. MARSHALL for appellant.

RICHARD PRIEST DEITZMAN and HOPKINS & DEITZMAN for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Affirming.

Appellee, Albert S. Deitzman, was for a number of years the advertising manager of appellant, Baptist Book Concern. On March 30th, 1907, he wrote to Dr. W. P. Harvey, appellant's manager, the following letter:

"Dear sir:

"I shall be pleased to handle the advertising of the Western Recorder for the next year upon the same terms and conditions as at present, namely, 20 per cent. on all advertising appearing in the paper with the exception of trade advertising or such as may be secured by you. I to keep the accounts and look after the collections.

"Very truly yours,

"ALBERT S. DEITZMAN."

No written acceptance was made of the proposal contained in this letter, but Dr. Harvey said to appellee: "Go on as you have been doing." Subsequently appellee severed his connection with appellant. Thereupon a dispute arose between appellee and appellant's then manager, who had succeeded Dr. Harvey, as to the amount of appellee's commissions. Being unable to agree upon the amount, appellee brought this action to have the foregoing contract reformed and to recover of appellant the sum of $281.94, which he alleged was due him as commissions. Appellee charged in his amended petition that it was the purpose and the intention of the parties, and as a matter of fact the agreement actually made between them was, that appellee should have twenty per cent. commission on all advertising contracts secured during the year beginning March 30th, 1907, and ending March 30th, 1908, though said advertising did not actually appear in said paper until after the expiration of March 30th, 1908; that by mutual mistake the contract was made to read "20 per cent. on all advertising appearing in the paper," instead of "20 per cent. on all advertising secured for the paper." The issue was joined upon this proposition and proof heard. Upon submission of the case, the chancellor reformed the contract in question and gave judgment in favor of appellee in the sum of $241.89, with interest thereon from Jan-

uary 1st, 1909, and costs. The propriety of this judgment is before us on this appeal.

It appears from the record that appellee had been in appellant's employ for several years. He succeeded Capt. Davidson, appellant's former advertising manager. Capt. Davidson died in March, 1904. For several months prior to his death he was unable to attend to any business. When he was taken ill, he came to appellee and asked him to attend to the work for him for a little while until he could get well. Capt. Davidson drew the salary up to his death, but was not paid for any advertisements appearing in the paper subsequent to his death. Appellee received the pay after Davidson's death. Appellee testified most unequivocally that his purpose was simply to renew the contract for the succeeding year upon the same terms and conditions as theretofore existing; that he had been paid twenty per cent. on all advertisements secured for the paper, and that the contract intended for the years 1907 and 1908 and the one actually made was to that effect, though in writing the letter he used the expression "appearing in the paper," instead of "secured for the paper." Dr. Harvey, who was appellant's manager at that time, corroborated the statements of appellee, and testified to the same effect. Dr. Harvey stated that the reason no commissions were paid to Capt. Davidson's estate was that Capt. Davidson had neglected the business for several months, and in his opinion nothing was due for his services after the expiration of his contract.

The testimony for appellant was to the effect that Capt. Davidson's contract with appellant was for twenty-five per cent. commission on all advertising matter published in the Western Recorder and paid for, the contract to continue for one year; that appellee merely succeeded Capt. Davidson, and the only difference between his contract and that of Capt. Davidson's was that appellee was to receive twenty per cent. instead of twenty-five per cent. When appellee presented his account for commissions he did not claim there was any mistake in the contract. These facts were brought out by appellant's present president and manager. Neither one of them was present, however, or had anything to do with the contract actually made between Dr. Harvey and appellee.

While there are some circumstances tending to support appellant's contention, that the letter of March 30th,

1907, was simply a continuation of the advertising contract theretofore existing between appellant and appellee, and appellant and its former advertising manager, Capt. Davidson, yet we can not say that the chancellor"s finding, which is based upon the sworn statements of appellee and Dr. Harvey, is not supported by sufficient evidence. On the contrary, we are inclined to the opinion that the weight of the evidence is in favor of his finding. If the contract as made was entered into by mutual mistake of the parties, and did not express their true agreement, then it was proper for the chancellor to reform the contract. (Worley v. Tuggle, 4 Bush, 168; Pictet Springs Water Ice Co. v. Insurance Co., 23 Ky. Law Rep. 1461; Kendall v. Crawford, Id. 1224.)

Judgment affirmed.