# Cecil v. Kentucky Livestock Insurance Company.

(Decided June 3, 1915.)

## Appeal from Boyle Circuit Court.

1. Contracts—Reformation.—Where a contract, as written, is the result of a mutual mistake of the parties, and does not express their true agreement, it will be reformed and enforced.

2. Insurance—Parol Evidence.—Parol evidence is admissible to correct the mistake in a policy of insurance.

3. Insurance—When Policy Effective.—Where a property owner applied for a policy for one year's insurance which was not to become effective until the policy was delivered and the premium was paid, the year began to run upon the delivery of the policy and the payment of the premium.

EMMET PURYEAR and ROBERT HARDING for appellant.

A. J. CARROLL for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Reversing.

The appellee, Kentucky Livestock Insurance Company, is engaged in the business of insuring the owners of livestock against loss by death of their stock from disease, accident or fire, having its principal office in Louisville, Ky.

During the month of March, 1913, the appellant, J. G. Cecil, of Boyle County, applied to Hutchings, the local agent of the appellee at Danville, Ky., to insure appellant, to the extent of $1,000.00, against loss by death of a fine bay stallion named "Great Ward," which Cecil then owned. Cecil signed the application for the insurance upon the printed form used by the company, on March 26th, 1913. The application was accepted, at the home office of the company, on March 29th, and the policy was executed on the 29th, but was antedated to March 26th, the date of the application. It was forwarded to Hutchings, at Danville, reaching him on April 1st; and on that day it was delivered to Cecil, who paid Hutchings the premium for one year, amounting to $70.00.

On March 27th, 1914, "Great Ward" died; and, upon then examining his policy, Cecil learned for the first time that it read so as to insure him for one year "from the

26th day of March, 1913, at noon, to the 26th day of March, 1914, at noon.''

The company having denied that the policy was in force when ''Great Ward'' died on March 27th, 1914, Cecil brought this action to recover his loss; and the circuit court having sustained a demurrer to his petition, which it subsequently dismissed, Cecil prosecutes this appeal.

As the case comes before us upon the petition alone, the facts therein alleged must be treated as true.

The petition alleged that Cecil made application to the defendant to insure Cecil against loss by the death of his horse, for a period of one year; that it was agreed between the parties that the application was to become a part of the contract of insurance in the event the application was accepted; that the contract of insurance should not be in force until the policy should be delivered to Cecil and the premium paid for one year's insurance during the life and good health of ''Great Ward''; that the application was accepted on March 29th, 1913, and the policy executed on that day, but dated March 26th, 1913, as above stated; and was subsequently delivered to Cecil on April 1st, 1913, when the premium was paid.

The petition further alleged, that by the terms of said contract, as was shown by the application which constituted a part of the contract of insurance, appellee's liability did not commence until the delivery of the policy to Cecil and the payment of the premium by him on April 1st, 1913; but, that by mutual mistake and oversight of the parties, it was made to read so as to insure said horse ''from the 26th day of March, 1913, at noon, to the 26th day of March, 1914, at noon,'' when, according to the contract, the policy should have been written so as to insure appellant against loss ''from the 1st day of April, 1913, at noon, to the 1st day of April, 1914, at noon.''

Finally, the petition further alleged that when the policy was delivered to Cecil, it was delivered with other papers and policies, and placed by him in a bank without examination, and he did not discover said error and mistake, and the apparent conflict in the terms between the policy and the application, until the 28th day of March, 1914.

In view of the narrow issue raised by the demurrer to the petition, the argument upon this appeal has taken rather wide range; the company insisting that Cecil will be not permitted after keeping his policy for a year to now claim that it did not express the contract between the parties.

It seems the trial court sustained the demurrer to the petition upon the idea that Cecil was estopped from correcting the policy and specifically enforcing it, after a year's delay in discovering the mistake, or after the loss had been sustained.

If, however, a mistake was made in writing out the policy, as is alleged in the petition, we see no reason why it should not be corrected, even though the loss had intervened.

That mere delay in discovering a mistake will not estop the policy-holder from correcting it, was decided in McMaster v. N. Y. Life Ins. Co., 183 U. S., 25.

In Pictet Spring Water Ice Co. v. Citizens Insurance Co., 24 Ky. L. R., 1461, 71 S. W., 514, a fire insurance policy containing a misdescription as to the location of the insured property was issued on May 18th, 1895, and although the fire occurred on February 25th, 1896, nearly a year afterward, this court directed a correction of the policy, and required the company to pay the loss. Furthermore, it was there held that parol evidence was admissible to correct the mistake in the policy.

Indeed, it is an elementary doctrine of equity, that where a contract, as written, is the result of a mutual mistake of the parties, and does not express their true agreement, it will be reformed and enforced. Worley v. Tuggle, 4 Bush, 168; Bush v. Starks, 23 Ky. L. R., 1561, 65 S. W., 589; Kendall v. Crawford, 25 Ky. L. R., 1224, 77 S. W., 364; Kolb v. DuBois, 150 Ky., 92.

Moreover, since Cecil paid for insurance for a year, which, according to the application, was not to begin until the premium was paid, there would have been no liability under the policy until it was delivered and the premium was paid, and consequently the year did not begin to run until April 1st, 1913. Mutual Life Insurance Co. v. Lucas, 25 Ky. L. R., 2052, 79 S. W., 279, and the cases there cited.

See also the McMaster case, *supra*.

Taking the allegations of the petition as true, it clearly presents a case for relief. The fact that the ac-

tion is at law and not in equity for the reformation and enforcement of the policy, does not make the petition bad upon demurrer, where, as here, it aptly states facts which authorize relief. Upon the return of the case, if the plaintiff should so desire, he should be permitted to have the case transferred to the equity docket upon an amendment of his petition so as to seek equitable relief.

Judgment reversed and cause remanded, with instructions to overrule the demurrer to the petition, and for further proceedings.