## Home Insurance Company of New York v. Evans.

(Decided December 21, 1923.)

### Appeal from Ballard Circuit Court.

1. Insurance—Oral Contract Valid.—An oral contract of insurance which contains all the elements essential to a contract is valid.
2. Insurance—Special Agent Held Authorized to Make Oral Contract.—A special agent of a fire insurance company, who accompanied local agent, was authorized to make an oral contract of insurance, binding on the company, unless the insured knew of a limitation on his power.
3. Insurance—Insurance Policy May be Reformed.—An insurance policy may be reformed the same as other written instruments, if by reason of mutual mistake, or mistake on the one side and fraud on the other, it does not conform to the real agreement.
4. Equity—When Court May or Must Submit Issues to Jury Stated. —If the issue involved in an equitable action is purely a legal one and the equitable right depends upon the decision of such issue, the case on motion must be transferred for a jury trial, and the court has no discretion in the matter; but, if the case is purely equitable, the court may or may not in its discretion obtain the advisory aid of a jury as to an issue of fact.
5. Insurance—Insured has Right to Assume Policy Complies with Agreement.—If it was agreed between insured and special agent for fire insurance company that policy should cover any loss on a stock barn and contents while tobacco was being fired in another

barn, he had the right to assume that the policy delivered to him complied with this agreement and was not chargeable with negligence in failing to discover that there was attached to the policy a rider wholly inconsistent with such agreement.

M. C. ANDERSON and E. L. SNIDER for appellant.

HENRY F. TURNER for appellee.

Opinion of the Court by Judge Clay—Affirming.

J. L. Evans brought this suit against the Home Insurance Company of New York to reform and recover on a fire insurance policy. From a judgment in his favor for $900.00 the company appeals.

The evidence for appellee is as follows: On appellee's farm were two barns, one a stock barn and the other a tobacco barn located a short distance away. Shortly before the policy was issued, a special agent of the company, accompanied by the local agent, went to appellee's home to solicit insurance. While there the local agent remained in the house, while the special agent examined the premises in company with appellee. Appellee called the special agent's attention to the fact that the tobacco barn was located near the stock barn, and stated that he understood that if the tobacco barn burned while tobacco was being fired in the tobacco barn, the insurance would not be any good, and if that was the case, he did not want any insurance. The special agent then stepped off the distance, and turning around, said that he had taken them a heap closer than that, and that while the policy would not be good on the tobacco barn while tobacco was being fired, it would be good on the stock barn and its contents. At the same time the amount of insurance was agreed on, and the application taken. The policy was issued by the company and sent to its local agent and countersigned by him on October 31, 1919. It was then mailed to appellee who received it on November 4th. When received he did not examine the policy, but placed the envelope in a trunk for several months, and then put it with other insurance papers. The policy covered the following items: Stock barn, $400.00; corn $200.00; harness, etc., $100.00; hay, etc., $100.00; mower, etc., $100.00, and considerable other property not involved in this litigation. Appellee paid the first premium installment when due and also the second installment before it was due. On October 26, 1920, and while appellee was firing

tobacco in the tobacco barn, the stock barn and its contents were destroyed by fire. On examining the policy, appellee discovered that there was pasted on its face the following rider:

· "Warranted that no claim will be made for loss on barn and or on personal property insured under this policy, F. I. 456116, issued by the Home Insurance Company on my application of this date, caused by use of fire from curing tobacco.

"I further understand and agree that while tobacco is being fired and for five days thereafter insurance shall be suspended and the Home Insurance Company exempt from any liability whatever on all items of property covered on or in or within 100 feet of the building in which used.

"This agreement is hereby made a part of my application for insurance to the Home Insurance Company, New York."

"Dated October 31, 1919."

Another witness corroborated appellee as to the conversation which the latter had with the special agent, and the special agent did not testify.

On the other hand the local agent testified that, upon taking the application, the special agent stated that he did not have any suspension clause with him when he wrote the application, and that one would have to be attached. Witness also produced a duplicate copy of the suspension clause, and testified that appellee signed it on the street in Wickliffe near the Wickliffe building. Other witnesses testified that the signature resembled appellee's handwriting.

Appellee denied signing the duplicate suspension clause and proved by three witnesses that he was not in town on the day on which it is claimed he signed the paper.

The foregoing evidence was heard by a jury on an issue out of chancery, and the jury found that the special agent had agreed that the policy should contain no suspension clause, and that appellee did not sign the duplicate copy produced at the trial. Thereupon appellant asked for a verdict notwithstanding the judgment, and also moved for a new trial which the chancellor refused to grant.

In this state an oral contract of insurance which contains all the elements essential to a contract is valid, and it is within the apparent scope of the authority of a special agent, such as the one who represented the appellant on the occasion in question, to make an oral contract of insurance, and his act in doing so is binding on the company unless the insured knew of a limitation on his power. Springfield Fire & Marine Ins. Co. v. Snowden, 173 Ky. 664, 191 S. W. 439; National Union Fire Ins. Co. v. Light's Adm'r, 163 Ky. 169, 173 S. W. 365; Georgia Casualty Co. v. Bond-Foley Lumber Co., 187 Ky. 511, 219 S. W. 442. It is also the rule that an insurance policy may be reformed the same as other written instruments if, by reason of mutual mistake, or mistake on the one side and fraud on the other, it does not conform to the real agreement. Cecil v. Ky. Livestock Ins. Co., 165 Ky. 211, 176 S. W. 986; Georgia Casualty Co. v. Bond-Foley Lumber Co., *supra.*

The foregoing rules are not questioned, but it is insisted that the chancellor erred in submitting the issues to the jury, and in not rendering judgment for appellant notwithstanding the verdict.

It is the rule that if the issue involved in an equitable action is purely a legal one and the equitable right depends upon the decision of such issue, the case on motion must be transferred for a jury trial, and the court has no discretion in the matter, but if the case is purely equitable, the court may or may not, in its discretion, obtain the advisory aid of a jury as to an issue of fact. Carder v. Weisenburgh, 95 Ky. 135, 23 S. W. 964; Hill v. Phillips, 87 Ky. 169, 7 S. W. 917; Wilson v. Nicholls & Shepherd Co., 139 Ky. 506, 97 S. W. 18. Therefore, whether this case be regarded as falling under one head or the other, we are unable to perceive upon what theory it may be said that the chancellor erred in submitting the issues of fact to a jury.

In support of the position that the chancellor should have rendered judgment in favor of appellant, notwithstanding the verdict, it is not argued that there was not sufficient evidence of the agreement between appellee and the special agent, but insisted that appellee is not entitled to rely on mutual mistake, or fraud and mistake in the contract because he accepted and retained the policy, and did not take prompt action to have the policy corrected. The legal effect of appellee's conduct must

be measured in the light of all the circumstances. If it was agreed between him and the special agent that the policy should cover any loss on the stock barn and contents while tobacco was being fired in the tobacco barn, he had the right to assume that the policy would comply with this agreement, and was not chargeable with negligence in failing to discover that there was attached to the policy a rider wholly inconsistent with such agreement. We therefore conclude that appellee's acceptance and retention of the policy did not preclude him from relying on the alleged mistake, or fraud and mistake. McMaster v. New York Life Ins. Co., 183 U. S. 25; Pictet Spring Water Ice Co. v. Citizens Ins. Co., 24 K. L. R. 1461, 71 S. W. 514; Cecil v. Ky. Livestock Ins. Co., *supra;* Georgia Casualty Co. v. Bond-Foley Lumber Co., *supra.*

On the whole we find no error in the record prejudicial to the substantial rights of appellant.

Judgment affirmed.