## Insurance Company of North America v. Evans.

(Decided May 21, 1929.)

614

GORDON & LAURENT, T. M. GALPHIN, JR., and W. H. SPRAG ENS for appellant.

P. K. McELROY for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

John H. Evans sued the Insurance Company of North America upon a fire insurance policy it had issued to him. The insurance company defended upon the ground that Evans had violated a condition of the policy to the effect that it should be void if the insured building became vacant, unoccupied, or uninhabited for a period of 10 days without the written consent of the insurance company. An amended petition was then filed seeking to reform the policy on the ground of mutual mistake so as to eliminate the condition relied upon by the defendant. The proof was heard orally, and the circuit court entered a decree reforming the policy in accordance with the prayer of the amended pleading and enforcing it as reformed. The insurance company appeals.

It is insisted that the evidence was insufficient to justify the court in correcting the contract. It is settled that policies of insurance may, when warranted by the evidence, be reformed in equity upon the ground of mutual mistake. 32 C. J. sec. 247, p. 1140; 14 R. C. L. sec. 80, p. 902; National Union Fire Ins. Co. v. Light's Adm'r, 163 Ky. 169, 173 S. W. 365; Westchester Fire Ins. Co. v. Wilson, 220 Ky. 142, 294 S. W. 1059; Cecil v. Ky. Livestock Ins. Co., 165 Ky. 211, 176 S. W. 986; Ætna Ins. Co. v. Steele, 222 Ky. 57, 299 S. W. 1091; Wilkinson v. Commonwealth Life Ins. Co., 176 Ky. 838, 197 S. W. 557, 6 A. L. R. 769.

It is equally well settled that the mistake necessary to justify reformation of an executed contract must be clearly established by the proof. It is sometimes said that the mistake must appear beyond reasonable controversy. Ison v. Sanders, 163 Ky. 605, 174 S. W. 505; Litteral v. Bevins, 186 Ky. 515, 217 S. W. 369; Howland v. Blake, 97 U. S. 624, 24 L. Ed. 1027. In other cases it is stated that the proof must be full, clear, and decisive. Home Ins. Co. v. Evans, 201 Ky. 487, 257 S. W. 22; Cook v. Day, 168 Ky. 282, 181 S. W. 1113. In yet other cases we find that the proof of the mistake must be full, clear, and convincing. Whitt v. Whitt, 145 Ky. 367, 140 S. W. 570; Griffith v. York, 152 Ky. 14, 153 S. W. 31. In Farar v. Eli, 195 Ky. 30, 241 S. W. 326, it is said:

"As to the amount and character of evidence necessary to sustain the burden imposed upon the party who seeks to have the deed reformed, no invariable rule can be laid down for the question must necessarily be determined on the facts shown to exist in the particular case under consideration. But it can be said that where upon the whole evidence the logical and reasonable conclusion is that the deed does not express the intention of the parties the burden is sustained and it is the duty of the court to grant reformation."

In Irwin v. Westwood Real Estate & Development Co., 200 Ky. 760, 255 S. W. 546, it is pointed out that the rule requiring clear and convincing proof does not necessarily mean that there should be no contrariety in the evidence, for, if it did, the cases for the application of the remedy would be rare indeed. M. P. Bros. Co. v. Kirkpatrick, 214 Ky. 560, 283 S. W. 424; Trustees First Christian Church v. Macht, 228 Ky. 628, 15 S. W. (2d) 509. The significance of the authorities generally is, whatever the form of expression employed, that a court of equity will not reform an executed instrument upon a mere preponderance of the proof, but if the evidence is satisfactory and convincing that a mutual mistake has been made, equity will interpose to grant relief necessary to prevent injustice.

We come, then, to a consideration of the evidence in the light of the rules stated. Evans testified, in substance, that he told the agent he would not take the insurance unless the company would accept it upon a vacant

building; that he did not intend to live in the house or to keep it rented; and that he would not insure it on any other conditions. He was fully supported in his testimony by his son and two other witnesses, who were admittedly present at the time. The insurance agent denied that there was any mistake, but admitted that the question of vacancy of the house was discussed and that he was seeking the insurance. He testified that he explained how vacant houses could be insured; but his testimony on this point is contradicted by the other witnesses. Shortly after the conversation Evans went to the office of the agent and signed a written application in blank, which was filled out by the agent, and it did not eliminate the vacancy provision from the policy. On the contrary, the application contained a number of questions, among which was one as to how the property was occupied. Immediately following appeared the printed words "owner" and "tenant." It appears from the application that the word "owner" was canceled by running a line through it and the word "tenant" was underscored, showing that there was a tenant in the house. That was then true, but the evidence is overwhelming that Evans did not intend to keep the property rented and the agent was aware of his purpose in that particular. The testimony is in conflict as to what occurred when the application was signed. Only Evans and the agent were present. The policy was sent to Evans by mail and retained in his possession, but he did not discover that the vacancy clause was contained therein until after the fire. His retaining the policy without discovering the error did not preclude him from obtaining relief on the ground of mistake in its terms. Home Ins. Co. v. Evans, 201 Ky. 487, 257 S. W. 22; McMaster v. New York Life Ins. Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64; Cecil v. Ky. Livestock Ins. Co., 165 Ky. 211, 176 S. W. 986.

The chancellor saw and heard the witnesses, was doubtless acquainted with them, and was satisfied that the burden resting upon plaintiff was sustained. It is clear that the evidence measured up to the requirements of the rule regulating that matter (National Union Fire Ins. Co. v. Light's Adm'r, 163 Ky. 169, 173 S. W. 365), and we are unable to say that any error was committed. Upon controverted questions of fact we repose confidence in the judgment of the chancellor, and when his decision accords with the manifest weight of the evidence, and is consistent with the principles, practices, and usages of

equity, it will not be disturbed. Prewitt v. Glasscock, 137 Ky. 779, 127 S. W. 145; Baptist Book Concern v. Dietzman, 140 Ky. 364, 131 S. W. 8.

The judgment is affirmed.