George **GRIGSBY** and George **Reese
Bentley, Jr., d/b/a Denim
Finishers, Appellants,**

v.

**MOUNTAIN VALLEY INSURANCE
AGENCY, INC., Appellee.**

No. 89–SC–562–DG.

Supreme Court of Kentucky.

June 28, 1990.

Rehearing Denied Oct. 18, 1990.

Gerald L. Greene, Helton & Greene, Pineville, for appellants.

John G. Prather, Winter R. Huff, Somerset, for appellee.

COMBS, Justice.

This action was originally instituted by Elk Brand Manufacturing Company to recover the value of consignment goods that were destroyed in a fire at the Denim Finisher plant in Pineville, Kentucky. Elk Brand's insurance carrier paid the sum of $22,277.15 for the loss and brought this action against Denim Finishers for reimbursement. Denim settled Elk Brand's claim for $12,000 plus costs, and continued the action against Mountain Valley and Travelers Insurance Company. The trial court dismissed Travelers Insurance Company as a defendant. The remaining issue was the liability of Mountain Valley Insurance Agency.

The case has been pled and practiced as a negligence action. Appellants contend that the appellee insurance agency negligently failed to provide bailed goods coverage as requested by appellants on the Pineville plant. Appellee did provide bailed goods coverage for appellants' plant in Middlesboro which appellants claim was not requested nor necessary. The latter coverage was used by appellants as evidence of appellee's negligent placement of insurance on the wrong building. Appellee, on the other hand, claims that appellants were negligent in not reading and understanding the coverage provided in the policies.

The trial court concluded that there was negligence on the part of both parties equally and awarded appellants $6,250.00, half of the amount owed to the bailee. Both parties appealed.

The majority opinion of the Court of Appeals held that reformation of the insurance contract to provide bailed goods coverage on the Pineville plant was inappropriate since there was not clear and convincing evidence of fraud, mutual mistake or unfair dealing. That court also held that there was insufficient evidence of appellants' request of the bailed goods coverage to support a negligence award. The appellate court then reversed the trial court on the issue of appellee's negligence, and in so doing precluded the necessity of reaching a final disposition on the issue of appellants' negligence.

The Court of Appeals injected the issue of reformation, an issue never raised by the parties. Judge Wilhoit, in his dissenting opinion, succinctly stated:

This case is not one of reformation but of the negligence of an agent, resulting in injury to the principal. The testimony of Mr. Grigsby, coupled with the circumstances themselves, affords substantial evidence for the fact finder to believe that coverage on the burned structure was requested. In view of this, I do not believe the trial court erred in finding the appellant to have been negligent. In view of the holding in *Home Ins. Co. of New York v. Evans*, 201 Ky. 487, 257 S.W. 22 (1923), that an insured was not "chargeable with negligence" in failing to read a rider to a policy which was "wholly inconsistent" with the provisions agreed to by the agent and the insured, I believe the court erred in holding the appellees to have been contributorily negligent.

We agree and reverse. Since we reverse the Court of Appeals on the issue of appellee's negligence, it is necessary for us to dispose of the issue of appellants' negligence.

Due to the highly technical nature of fire insurance policies, an insured may not be held contributorily negligent for the failure to read and understand his or her coverage.

[P]olicies of fire insurance are rarely examined by the insured, and even where examined are not always enlightening to him, due to the technical and complicated language in which the contract is usually couched. Another practical factor considered is that the applicant usually tells the insurer's agent of his coverage necessities and relies on the agent for a policy in accordance therewith. For these reasons, most courts do not demand the same degree of vigilance and critical examination of fire insurance policies as would be expected of some other instruments. 43 Am.Jur.2d Sec. 373.

We will not impose a duty upon the insured to become well versed in the technical language contained in fire insurance policies. That part of the trial court's conclusions to the contrary is legally erroneous.

Appellants rely primarily upon *Home Ins. Co. of New York v. Evans*, 201 Ky. 487, 257 S.W. 22 (1923).

> If it was agreed between [the insured] and the special agent that the policy should cover any loss on the stock barn and contents while tobacco was being fired in the tobacco barn, he had the right to assume that the policy would comply with this agreement, and was *not chargeable with negligence* in failing to discover that there was attached to the policy a rider wholly inconsistent with such agreement. We therefore conclude that appellee's acceptance and retention of the policy *did not preclude* him from relying on the alleged mistake, or fraud and mistake. [Emphasis added.] 257 S.W. at 24.

Appellee claims that reliance upon *Home Ins.* and its progeny is misplaced because those decisions rest in equity involving fraud or mutual mistake. Appellee points out that if an insurer or its agent has acted fraudulently, the negligent conduct of the insured is not the proximate cause of the loss. The same logic applies to the case at bar even though we are confronted with an issue of negligence on the part of the agency and not fraud nor mutual mistake.

■ Appellants' reliance upon *Home Ins.* is not misplaced even though the insured in that case was pleading contract reformation. The holding relied upon by appellants is that a claim for contract reformation is not affected or defeated by the insured's failure to read and understand the policy. We hold that a claim based upon the negligence of the agency to properly provide coverage is also not affected by the insured's failure to read and understand the policy.

Appellee contends that this is in direct conflict with *Howard v. Reliance Ins. Co. of Philadelphia*, Ky., 347 S.W.2d 508 (1961). However, *Howard* and other cases cited in support by appellee addressed the impact of an insured's failure to read and comprehend a policy upon a cause of action *brought by the insured,* and not the impact of that same failure upon a *defense of the insurance agent* against a claim brought by the insured.

■ In *Howard,* the Court held that since the policy was a written contract, "its terms are binding on both parties, and after acceptance, the mere lack of knowledge of its contents by the insured could not furnish a sound legal basis for reforming it or voiding its provisions." With this we also agree.

■ Thus, the failure to read and understand a fire insurance policy furnishes no legal basis for the insured to recover on the negligence of the agency, nor does it furnish a defense to the agency against its own negligence. In other words, the insured's failure to read and comprehend the policy has no legal effect: it may not serve as a sword for the insured nor as a shield for the agency. This is true whether the underlying claim is for contract reformation or recovery based upon negligence of the agency. This does not change the law regarding contract reformation, which requires proof of (1) mutual mistake or (2) mistake on the part of one party and fraud on the part of the other. Neither does our holding affect the law on negligence, for the elements of the cause of action (duty, negligent act, causation, and damages) must be shown independently from the insured's understanding of the policy. Thus,

the two cases relied upon by the parties are consistent.

In this case, the insured proved to the trial court that appellee negligently failed to provide the requested coverage, which resulted in the uninsured loss. Where an "insurance agent or broker has failed to procure a policy which in terms and coverage is of the type specified by the insured, and the insured consequently suffers an uninsured loss, the agent or broker cannot successfully contend that he is relieved of liability by reason of any contributory negligence on the part of the insured in not having read and familiarized himself with the contents of the policy." 43 Am. Jur.2d Sec. 141.

The trial court erred when it found appellants contributorially negligent by virtue of their failure to read and understand the fire insurance. Therefore, appellee is liable for the loss incurred due to its negligent failure to provide the requested coverage.

The order of the Court of Appeals dismissing appellants' cross appeal is hereby reversed with directions to remand to the trial court for entry of a judgment consistent with this opinion, which shall include prejudgment interest from the date of appellants' settlement until the judgment is satisfied by appellee.

STEPHENS, C.J., and LEIBSON and WINTERSHEIMER, JJ., concur.

GANT and VANCE, JJ., concur in result only.

LAMBERT, J., concurs in part and dissents in part, and would reinstate the judgment of the trial court.