Carl D. LITTLE, Appellant,

v.

KENTUCKY FARM BUREAU MUTU-
AL INSURANCE COMPANY, Beth
Clemons, and Michael R. Fannin In-
surance, Inc., Appellee.

No. 2009–CA–001030–MR.

Court of Appeals of Kentucky.

Aug. 20, 2010.

Nicholas C.A. Vaughn, Somerset, KY, for appellant.

Deborah R. Lewis, Hazard, KY, for appellee, Kentucky Farm Bureau Mutual Insurance Company.

Marcia L. Wireman, Jackson, KY, for appellees, Michael R. Fannin Insurance, Inc. and Beth Clemons.

Before NICKELL and STUMBO, Judges; WHITE,[1] Senior Judge.

*OPINION*

NICKELL, Judge:

Carl D. Little appeals from summary judgments entered in favor of Kentucky Farm Bureau Mutual Insurance Co., Beth Clemons, and Michael R. Fannin Insur-

[1] Senior Judge Edwin White sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

ance, Inc. Little argues the trial court erred by concluding there is neither statutory duty nor a common law or fiduciary duty to provide a specific amount of underinsured coverage. We affirm.

Little was involved in an automobile accident. Prior to the accident, he had purchased an automobile insurance policy from Beth Clemons, who was acting as an agent for Michael R. Fannin Insurance and Farm Bureau. The policy provided liability limits of $100,000 per person and $300,000 per accident. The policy contained underinsured limits of $25,000 per person and $50,000 per accident. Little alleges he requested underinsured coverage up to the liability limits.

Little brought suit against the tortfeasors and against Farm Bureau for underinsured benefits. Little settled his claim against the tortfeasors for the policy limits and then amended his complaint to assert negligence and vicarious liability claims against Clemons and Fannin Insurance for failing to provide him the underinsured coverage he requested. Little asserted that Farm Bureau, Fannin Insurance, and Clemons breached statutory, common law, and fiduciary duties by failing to sell him the underinsurance coverage he requested. Farm Bureau filed a motion for summary judgment on December 30, 2008, asserting it had no statutory duty to sell any particular amount of underinsurance coverage. The trial court granted summary judgment in favor of Farm Bureau holding there is no statutory duty to sell a specific amount of underinsured coverage. Subsequently, Fannin Insurance and Clemons filed a motion for summary judgment on February 11, 2009. Following a hearing, the trial court granted summary judgment to Clemons and Fannin Insurance again holding there is no statutory duty to sell a specific

amount of underinsured coverage. The order reserved ruling on Little's common law and fiduciary duty claims. Finally, Farm Bureau filed a motion for summary judgment asserting it had no common law or fiduciary duty to sell any particular amount of underinsurance coverage. This motion was joined by Fannin Insurance and Clemons. The trial court granted summary judgment in favor of Farm Bureau, Clemons, and Fannin Insurance holding there is no common law or fiduciary duty to sell a specific amount of underinsured coverage. Little filed a motion to alter, amend, or vacate the summary judgments which the trial court denied. This appeal followed.

Little first argues KRS 304.39–320(2) imposes a duty upon insurers to provide a specific amount of requested underinsured coverage. We disagree.

KRS 304.39–320(2) provides:

Every insurer shall make available upon request to its insureds underinsured motorist coverage, whereby subject to the terms and conditions of such coverage not inconsistent with this section the insurance company agrees to pay its own insured for such uncompensated damages as he may recover on account of injury due to a motor vehicle accident because the judgment recovered against the owner of the other vehicle exceeds the liability policy limits thereon, to the extent of the underinsurance policy limits on the vehicle of the party recovering.

Questions involving statutory construction are reviewed *de novo*. *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth, Transp. Cabinet*, 983 S.W.2d 488, 490–91 (Ky.1998).

Little maintains Farm Bureau[2] should have sold him a policy of underinsured

2. Because Little's arguments on appeal each concern the appellees as a whole, we will

coverage at the limits he requested because he was willing to pay a reasonable premium for such coverage. This is not a case where he alleges he actually purchased a policy and paid the premiums, but was denied benefits. Little concedes there is nothing in KRS 304.39–320(2) requiring insurers to provide a specific amount of underinsured coverage, but maintains caselaw interprets the statute to contain such a duty.

Little correctly states KRS 304.39–320(2) requires insurers to make underinsured coverage available if requested. *Allstate Ins. Co. v. Dicke,* 862 S.W.2d 327, 328–29 (Ky.1993). However, nothing in *Dicke* states or even suggests insurers are required to provide underinsured coverage under terms unilaterally set by the request of the insured. The insurer is only required to provide underinsured coverage, if requested, under "such terms and conditions not ... inconsistent with the section of the statute." *Id.* at 329. Again, we discern nothing in *Dicke* requiring insurers to provide a specific amount of underinsured coverage.

■ Little next argues Farm Bureau violated a common law duty to provide him with the specific amount of insurance he requested. Little premises the duty upon *Mullins v. Commonwealth Life Ins. Co.,* 839 S.W.2d 245, 248 (Ky.1992), which states:

An insurance agent ordinarily only assumes those duties found in an agency relationship. An agent owes his principal the obligation to deal in good faith and to carry out the principal's instructions. Other jurisdictions have found that, generally, an insurer may assume a duty to advise an insured when: (1) he expressly undertakes to advise the insured; or (2) he impliedly undertakes to

advise the insured. The insured has the burden of proving that the insurer assumed such a duty.

An implied assumption of duty may be present when: (1) the insured pays the insurance agent consideration beyond a mere payment of the premium; (2) there is a course of dealing over an extended period of time which would put an objectively reasonable insurance agent on notice that his advice is being sought and relied on; or (3) the insured clearly makes a request for advice.

(Internal citations omitted).

In the present case, Little admitted Farm Bureau told him he would not be sold underinsured coverage at the limits he requested. Little also admitted he knew the limits were not the limits he requested prior to the accident underlying this case. Little's reliance on *Grigsby v. Mountain Valley Ins. Agency, Inc.,* 795 S.W.2d 372, 375 (Ky.1990), is of no moment as *Grigsby* is distinguishable from the current situation. In *Grigsby,* the Court held an insurer could be held liable because it failed to provide fire insurance for a particular piece of property and instead insured a different property. In *Grigsby,* the insured did not receive the policy bargained for and instead received a different unnecessary policy. In this case, Little knew he would be not be sold a policy at the limits he requested. In *Brewer v. National Indem. Co.,* 163 S.W.3d 885, 886 (Ky.2005), the Court simply held an insured may proceed against the insurer "pursuant to the bargained-for agreement entered into by the parties." Here, it is undisputed there was no agreement by the parties. Underinsured policies are contractual in nature. *Schwartz v. Hasty,* 175 S.W.3d 621, 628 (Ky.App.2005). Therefore, Little may not unilaterally dictate the terms of

henceforth refer to appellees collectively as "Farm Bureau" for the sake of clarity.

coverage or Farm Bureau's acceptance of his terms.

Accordingly, the judgments of Knott Circuit Court are affirmed.

ALL CONCUR.