RENDERED:  JANUARY 29, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1859-MR

DAVID WARSOW AND MARGARET                          APPELLANTS
WARSOW

v.          APPEAL FROM GRAVES CIRCUIT COURT
            HONORABLE TIMOTHY C. STARK, JUDGE
            ACTION NO. 15-CI-00097

KENTUCKY FARM BUREAU                                  APPELLEE
INSURANCE AGENCY, INC.

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, LAMBERT, AND K. THOMPSON, JUDGES.

COMBS, JUDGE:  David and Margaret Warsow appeal from the summary

judgment of the Graves Circuit Court entered in favor of Kentucky Farm Bureau

Insurance Agency, Inc. (KFBIA), on November 22, 2019.  After our review, we

affirm.

David Warsow was riding his motorcycle on March 20, 2014, when he was struck by lumber extending from the side of a trailer. The trailer was being towed behind a truck owned by Scott Yokley, which was driven by Scott's son, Keith Yokley. The truck was insured under a policy issued by State Farm Mutual Automobile Insurance Company to Scott's spouse, Patricia Yokley. The Warsows reached an agreement with the Yokleys as to their liability and agreed to settle the claims for the State Farm policy limits. On March 18, 2015, the Warsows filed a lawsuit against American Modern Select Insurance; Kentucky Farm Bureau Mutual Insurance Company; and KFBIA.

American Modern Select Insurance insured the motorcycle that David Warsow was riding at the time of the accident. The Warsows sought uninsured and underinsured motorist coverage from American Modern -- along with basic and added reparation benefits. American Modern was granted summary judgment by an order entered on February 13, 2019.

Kentucky Farm Bureau Mutual Insurance Company insured the Warsows' automobiles. The Warsows sought uninsured and underinsured motorist coverage and added reparations benefits for the motorcycle accident under those policies. Kentucky Farm Bureau Mutual Insurance Company moved for summary judgment on March 30, 2018. In an order entered April 12, 2018, the motion was continued indefinitely and remains pending.

The Warsows also alleged that the defendants, including KFBIA -- by their errors and omissions -- negligently failed to provide them with all the insurance coverage they sought when insuring David Warsow's motorcycle. The Warsows alleged that prior to his visit to the Kentucky Farm Bureau office in Graves County to obtain insurance coverage for his motorcycle, David requested added reparations benefits and underinsured motorist benefits in amounts equal to the amount of the bodily injury liability limits on other policies he had purchased from Kentucky Farm Bureau. Based on their prior course of dealing, the Warsows alleged that the agent through whom they procured the motorcycle policy "knew or should have known that [they] wanted the benefits of added reparations coverage and underinsured motorist coverage in amounts matching the bodily liability limits." With respect to KFBIA, the Warsows charged that they had "purchased motor vehicle coverage from Kentucky Farm Bureau Mutual Insurance Company through the office of [KFBIA] in Mayfield, Kentucky . . . for many years."

On September 23, 2019, following a period of extensive discovery, KFBIA filed a duly supported motion for summary judgment. KFBIA argued that it was entitled to judgment as a matter of law because: it does not write motorcycle insurance; it did not offer advice or assistance to the Warsows; and it never sold any insurance of any kind to the Warsows. KFBIA also contended that the Warsows were aware that it would not be the underwriter for the insurance

-3-

policy they purchased from the separate business entities, Graves County Farm Bureau, Inc. or Kentucky Farm Bureau Mutual Insurance Company.

In their response, the Warsows argued that the decision in *Grigsby v. Mountain Valley Ins. Agency Inc.*, 795 S.W.2d 372 (Ky. 1990), governed the dispute. In *Grigsby*, the Supreme Court of Kentucky held that an applicant for insurance may have a claim against the insurance agent through which the applicant purchased the insurance if the agent does not procure the coverage requested by the applicant. The Warsows also explained as follows: "To the extent that [KFBIA] has now stated that they are the wrong defendant . . . [the Warsows] will be happy to file an Amended Complaint identifying another defendant(s)."

On November 4, 2019, the Warsows filed an amended complaint naming Graves County Farm Bureau, Inc., as a party defendant. Michael Cartwright, agency manager of Graves County Farm Bureau, Inc., and Chris Mathis, the Warsows' agent, were also added as defendants. These claims remain pending before the trial court.

In an order entered November 22, 2019, the Graves Circuit Court granted KFBIA's motion for summary judgment. This appeal followed.

On appeal, the Warsows argue that the trial court erred by concluding that KFBIA was entitled to judgment as a matter of law because there is evidence

from which a jury could find that the Warsows had requested more coverage for the motorcycle than what they received and that KFBIA "was acting as an agent for American Modern in selling the applicable insurance to David Warsow." KFBIA contends that the undisputed evidence establishes that the Warsows did not have communication with, give instructions to, or have any interaction whatsoever with KFBIA when David applied for the motorcycle insurance policy. Moreover, it contends that the argument that it acted as an agent for American Modern was never presented to the trial court and that it is, therefore, unpreserved for our review.

In opposing KFBIA's motion for summary judgment, the Warsows did not present any argument that KFBIA was the agent which produced the American Modern policy; nor did they dispute the assertion of KFBIA that it had had no contact whatsoever with the Warsows.

Our review of the record reveals that the Warsows did not argue those issues in the trial court. It is axiomatic that issues not raised or relied upon in the trial court will not be addressed for the first time on appeal. *Norton Healthcare, Inc., v. Deng*, 487 S.W.3d 846 (Ky. 2016); *Stowe v. Realco Limited Liability Company*, 551 S.W.3d 462 (Ky. App. 2018). Moreover, we discern no error in the granting of summary judgment in favor of KFBIA on the basis that the Warsows had no interaction whatsoever with KFBIA.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[1] 56.03. Upon our review, we must determine whether the trial court erred in concluding that no genuine issue of material fact existed and that the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779 (Ky. App. 1996). Because factual findings are not at issue, we conduct our review *de novo. Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188 (Ky. App. 2006).

Our review of the record reveals that there are no genuine issues of material fact and that KFBIA was entitled to judgment as a matter of law. Discovery indicated that when David Warsow allegedly provided a Graves County Farm Bureau, Inc. representative with information relative to the coverage he sought for his motorcycle, he was not dealing with KFBIA, an entity that does not sell insurance, does not assist customers seeking to obtain insurance, and has no employees in Graves County. In their response, the Warsows did not challenge the sworn testimony offered by KFBIA. Nor did they present contradictory testimony

---

[1] Kentucky Rules of Civil Procedure.

or argue the existence of any disputed issue of material fact.  Therefore, summary judgment was proper.

Finally, the holding of the Supreme Court of Kentucky in *Grigsby, supra*, has no bearing on the issue raised on appeal because there was no dispute in that case that the plaintiff had dealt directly with Mountain Valley Insurance Agency.  *Grigsby* did not create a cause of action for negligence against an entity with which the plaintiff had no contact.

The trial court did not err by granting summary judgment.  Therefore, we AFFIRM its judgment.


ALL CONCUR.


BRIEFS FOR APPELLANT:

David V. Oakes
Paducah, Kentucky

BRIEF FOR APPELLEE:

Dennis J. Courtney
Murray, Kentucky

Michael D. Risley
Louisville, Kentucky