**Delbert H. MASTERSON, Jr. and Sheryl Ann Masterson, Movants,**

v.

**DeHART PAINT & VARNISH COMPANY, Respondent.**

**No. 92–SC–164–DG.**

Supreme Court of Kentucky.

Dec. 17, 1992.

H. Douglas Mann, Louisville, for movants.

Walter J. Swyers, Jr., Louisville, for respondent.

SPAIN, Justice.

This appeal is from a summary judgment in which the trial court interpreted a lease in favor of the tenant and dismissed the landlord/plaintiff's complaint. The Court of Appeals affirmed.

This case involves whether KRS 383.-160(1), entitled "Holding over beyond terms—Tenancy created by Rights of parties," creates a one-year tenancy when the parties' lease specifically addresses the manner in which the lease can be extended.

Delbert and Sheryl Ann Masterson own a parcel of commercial real estate which they rented to DeHart Paint & Varnish Company by a lease signed on September 1, 1984, for a term of two years. The lease also provided for two successive two-year extension options, with the second two-year option requiring an additional $100.00 per month in rent. The option to extend the lease could be exercised only by the tenant's providing a written notice to the landlords six months prior to the expiration of the term.

The tenant did not give written notice to exercise the option, but it continued to occupy the premises. The rent was tendered monthly, and the tenant increased the rent $100.00 per month when the fifth year of tenancy began. The tenant vacated the premises after giving one month's notice, seven months shy of the entire six-year period provided for by the lease, had the two extension options been exercised.

Suit was brought for rent for that seven-month period. The trial court dismissed the claim for rent, stating that the terms of the lease allowed for extension only upon written notice and that KRS 383.160(1) did not apply because it was "an equity statute for protection of tenants." The Court of Appeals affirmed, writing that the expressed terms of the contract dictated how the lease could be extended. The majority stated that KRS 383.160(1) only applied in cases where the parties' lease failed to address the issue. In this case, they went on to state, the lease terms covered the situation and, thus, the statute did not apply.

Respondent tenant argues that the trial court and the Court of Appeals ruled correctly that the lease was not extended and that KRS 383.160(1) does not apply to this situation, thus supporting its proposition that the occupancy reverted to a month-to-month tenancy.

In support, respondent argues that it never gave movant a written notice to exercise its option to extend the lease and, according to § 2.02 of the lease, this was the only way the lease could be extended.

Section 2.02 of the lease states as follows:

> This option may be exercised by Lessee giving Lessor written notice of his intent to exercise this option no later than six (6) months before expiration of the original or extended term of this Lease. If proper notice is not given within the aforesaid time period, *then Lessee shall be deemed to have waived and forfeited the option to extend any term of this Lease.* [Emphasis supplied.]

Further, respondent contends that KRS 383.160(1) does not apply to this case, but that KRS 383.160(1), read literally, provides remedies only in the event the parties' contract fails to address the circumstances.

KRS 383.160(1) is as follows:

> If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety (90) days after said day, and possession may be recovered without demand or notice if proceedings are instituted within that time. But, if proceedings are not instituted within ninety (90) days after the day of expiration, then none shall be allowed until the expiration of one (1) year from the day the term or tenancy expired. *At the end of that year the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year, until he abandons the premises,* is turned out of possession, or makes a new contract. (Emphasis added.)

Respondent contends the contract terms covered this situation. We disagree.

■ The principle has been laid down that the landlord is entitled to treat the tenant as holding over for *another term of one year* unless the tenant has definitely established either that the landlord consented to the tenant's remaining on the premises on a month-to-month basis or some other specified time for a temporary period, or that the parties were actually engaged in negotiations as to a renewal of the lease when the previous term ended. 49 Am.Jur.2d § 1139.

■ Here, there was never any mention of a month-to-month tenancy. We agree that respondent had not extended the lease under its terms which provided for a written notice to exercise the two-year extensions, but nothing in the lease between the parties suggests that they had elected not to be bound by KRS 383.160(1). While neither optional two-year extension was ever created, KRS 383.160(1) did create a one-year tenancy.

Further, we disagree that simply because the lease had provisions on how a two-year option could be exercised, that KRS 383.160 would not apply. Nowhere does the statute state that it does not apply to holdover tenants who choose not to exercise options for extensions. This is neither implied nor logical.

Finally, in support of its argument, respondent cites *Electronic Sales Engineers, Inc. v. The Urban Renewal and Community Development Agency of the City of Paducah, et al.,* Ky., 477 S.W.2d 814 (1972). In *Electronic,* the Court said, "The fact that Electronic held over beyond the expiration of the original terms, accompanied by the payment and acceptance of rent, was not sufficient to effect a renewal of the original lease." However, the facts of *Electronic* do not support respondent's argument. In *Electronic,* the tenant failed to properly renew a five-year lease. After remaining six months past the date that the five-year lease expired, the landlord served notice for the tenant to vacate. The eviction date was one year after the original lease expired, which is in accordance with KRS 383.160(1). Further, the Court of Appeals affirmed the trial court's ruling in *Electronic* that a one-year lease was in effect during the year following the expiration of the five-year lease. Therefore, even this case in fact supports movant's argu-

ment that KRS 383.160(1) applies in such situations.

This judgment of the Jefferson Circuit Court is reversed and the cause is remanded to the trial court for further proceedings.

All concur.