NICKELL, JUDGE:
Edgar A. Stowe, d/b/a Ed's Auto ("Stowe"), appeals from the Greenup Circuit Court's April 8, 2015, order which concluded he breached the terms of a commercial lease agreement, found the provisions of KRS 1 383.160 did not apply, and granted summary judgment in favor of Realco Limited Liability Company ("Realco"). Following a careful review of the record, the briefs and the law, we affirm.
On April 1, 2008, Realco and Stowe entered into a one-year lease agreement for a commercial building located in Ashland, Kentucky. The lease explicitly stated the option to renew was intentionally omitted. Nevertheless, on January 22, 2009, the parties entered into an amendment of the lease extending the term for an additional year but leaving all other terms and conditions unaltered. The amended term was to expire on March 31, 2010. The lease agreement contained a provision related to the failure to vacate at the expiration of the lease term, which stated as follows:
23. Holding Over. If at the expiration of the Term or Renewed Term Tenant continues to occupy the Premises with or without Landlord's consent, the tenancy under this Lease shall become month to month, at 200% of the total monthly rental payable by Tenant during the immediately preceding twelve month period, terminable by either party on thirty (30) days written notice. The Tenant shall be subject to all other of the conditions of the previous Lease excepting the rent and term thereof and shall be further subject to any changes which Landlord has given Tenant in writing during any thirty (30) day period for the following thirty (30) day period.
At the end of the term, Stowe did not vacate the premises.
On June 16, 2010, Realco informed Stowe in writing it was terminating the lease effective August 31, 2010, pursuant to its rights under Section 23 of the lease agreement. On July 12, 2010, Realco informed Stowe it had not received his rental *464 payment for July and demanded immediate payment including a late fee. On August 4, 2010, Realco notified Stowe once more of the termination date, the continued delinquency of July's rent and late fee, and gave notice of the failure to receive rent for August. Another letter was sent approximately one week later demanding immediate payment for all past due rents. Additional letters demanding payment and vacation of the premises were sent over the following weeks. Stowe failed to respond to the communications, did not tender payment of any amounts due, and refused to vacate the leased premises. Realco filed a forcible detainer action seeking to have Stowe ousted from the premises for his breach of the terms of the lease and refusal to voluntarily leave. On October 4, 2010, the trial court granted Realco's request and gave Stowe seven days to vacate. Stowe left that same day.
Realco filed the instant action on December 8, 2010, seeking payment of unpaid rent and a judgment for its damages occasioned by Stowe's breach of the terms of the lease agreement. Realco was initially granted default judgment but the trial court granted Stowe's motion to vacate the default and permit the matter to proceed in the normal course. Stowe answered the complaint and filed a counterclaim for damages resulting from Realco's alleged breach of the lease agreement and other wrongdoings related to its dealings with Stowe. After a period of discovery and motion practice, Stowe moved for summary judgment on his counterclaim and sought a ruling the lease term had been extended to March 31, 2011, by operation of KRS 383.160.[2] The trial court denied the motion, explicitly holding the statutory provisions of KRS 383.160 were inapplicable and the "hold-over" language of paragraph 23 of the lease controlled. In subsequently denying Stowe's untimely motion to reconsider, the trial court specifically reaffirmed its reasoning for the previous ruling.
Realco then moved for summary judgment alleging it was undisputed a valid and enforceable contract existed, Stowe breached the contract, and Realco sustained damages resulting from the breach. In response, Stowe alleged factual disputes existed and again urged the court to find KRS 383.160 applicable, relying on the same arguments and authorities previously presented. Shortly thereafter, Stowe filed a motion "to apply KRS 383.160(1)" parroting his earlier filings and adding no new arguments or authority. The trial court granted summary judgment in favor of Realco upon again specifically concluding KRS 383.160(1) was inapplicable and finding Stowe breached a valid and enforceable lease. Stowe's subsequent motion to alter, amend or vacate, premised on his continued reliance on application of KRS 383.160, was denied. This appeal followed.
*465 Stowe presents three allegations of error in seeking reversal. First, he contends the trial court erred in refusing to apply KRS 383.160. Second, he argues the trial court's ruling on interpretation of the lease and application of KRS 383.160 directly contravenes the holding of Masterson v. DeHart Paint and Varnish Co. , 843 S.W.2d 332 (Ky. 1992). Finally, Stowe alleges summary judgment was improvidently granted. We disagree and affirm.
As an initial matter, we note Stowe's failure to comply with CR 3 76.12(4)(c)(v) which requires "a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."
CR 76.12(4)(c) [ (v) ] in providing that an appellate brief's contents must contain at the beginning of each argument a reference to the record showing whether the issue was preserved for review and in what manner emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review. It is only to avert a manifest injustice that this court will entertain an argument not presented to the trial court. (citations omitted).
Elwell v. Stone , 799 S.W.2d 46, 48 (Ky. App. 1990) (quoting Massie v. Persson , 729 S.W.2d 448, 452 (1987) ). Failing to comply with the civil rules is an unnecessary risk the appellate advocate should not chance. Compliance with CR 76.12 is mandatory. See Hallis v. Hallis, 328 S.W.3d 694, 696 (Ky. App. 2010). We require a statement of preservation:
so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.
Oakley v. Oakley , 391 S.W.3d 377, 380 (Ky. App. 2012). Although noncompliance with CR 76.12 is not automatically fatal, we would be well within our discretion to strike the brief or dismiss the appeal for Stowe's failure to comply. Elwell . While we have chosen not to impose such a harsh sanction, we caution counsel such latitude may not be extended in the future.
Our standards of review are well-settled. An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in determining no genuine issue of material fact exists and the moving party was entitled to judgment as a matter of law. Scifres v. Kraft , 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed de novo because factual findings are not at issue. Pinkston v. Audubon Area Community Services, Inc. , 210 S.W.3d 188, 189 (Ky. App. 2006) (citing Blevins v. Moran , 12 S.W.3d 698 (Ky. App. 2000) ).
Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. The narrow issue presented on appeal is whether the "hold-over" clause contained in the parties' lease should have applied or whether KRS 383.160 controlled. The interpretation of a contract is a question of law. Baker v. Coombs , 219 S.W.3d 204, 207 (Ky. App. 2007). "In the absence of ambiguity a written instrument will be enforced strictly according to its terms."
*466 O'Bryan v. Massey-Ferguson, Inc. , 413 S.W.2d 891, 893 (Ky. 1966). Courts will interpret the contract terms by assigning language to its ordinary meaning without resort to extrinsic evidence. Hoheimer v. Hoheimer , 30 S.W.3d 176, 178 (Ky. 2000).
Stowe first asserts the trial court erred in finding the "hold-over" provision from Section 23 of the lease, and not KRS 383.160, governed the tenancy after the lease ended on March 31, 2010. As repeatedly argued before the trial court, Stowe believes Realco's failure to institute proceedings to recover the property within ninety days after the lease expired by its own terms operated to extend the lease to March 31, 2011, and prohibit Realco from taking steps to remove him from the premises during such extended term. This belief stems from Stowe's reliance on the statutory provision to the total exclusion of the express language of the lease. His reliance is misplaced.
The terms of the lease agreement related to holding over are plain and unambiguous and therefore must be strictly enforced. O'Bryan , 413 S.W.2d at 893. Paragraph 23 expressly states the tenancy will become month-to-month in the event of a holdover. Because the parties specifically included this language in their lease contract, their intent is plainly manifested and there is no valid reason to resort to extrinsic evidence or statutory gap-filling provisions such as KRS 383.160. Contrary to Stowe's assertion, Realco's failure to exact the inflated rental amounts due under the terms of Section 23 does not invalidate the purpose and effect of that section. Quite simply, Realco lost money to which it was contractually entitled, and Stowe benefitted from Realco's failure. Realco's error in this regard does not amount to a waiver of the remaining provisions of the parties' agreement nor does it militate in favor of applying KRS 383.160. We hold the trial court correctly declined Stowe's repeated requests to apply the statutory language.
Second, Stowe argues the trial court's order is in direct contravention of the holding in Masterson . We disagree as that case is readily distinguishable. In Masterson , the Supreme Court of Kentucky examined the terms of a lease agreement to determine whether the provisions of KRS 383.160 should apply. Noting the lease agreement at issue had no provisions related to holdover tenancy and made no mention of a month-to-month tenancy, the Supreme Court concluded a one-year tenancy had been created under the statutory holdover provisions. Id. at 334. The failure to include contractual provisions related to holding over required resort to the statutory gap-filling language. Id.
Conversely, as previously stated, the lease agreement in the instant case contained clear and unambiguous language regarding the rights and intentions of the parties in the event of a holdover, explicitly specifying a month-to-month tenancy would be created. Thus, as the essential facts underlying the Masterson decision are demonstrably dissimilar to those here, its holding is inapposite to the matter at bar. Stowe's assertion to the contrary is without merit.
Finally, having concluded the trial court correctly interpreted the terms of the parties' lease, properly denied Stowe's multiple requests to apply the statute, and disregarded the inapposite holding in Masterson , we now consider the summary judgment Stowe contends was improvidently granted. In support of his position, Stowe raises many factual issues related to his counterclaims and defenses. Our review of the record reveals none of these factual assertions were presented to the trial court in opposition to summary judgment nor were they addressed in the *467 orders appealed. It is axiomatic questions not raised or relied on in the trial court will not be addressed for the first time on appeal. Combs v. Knott County Fiscal Court , 283 Ky. 456, 141 S.W.2d 859, 860 (1940). Further, these extraneous factual assertions are irrelevant to the narrow legal issue presented in this appeal. Stowe offers no viable challenge to the trial court's ruling and we discern no error in the grant of summary judgment in favor of Realco.
For the foregoing reasons, the judgment of the Greenup Circuit Court is AFFIRMED.
ALL CONCUR.

In pertinent part, KRS 383.160 entitled "Holding over beyond term; tenancy created by; rights of parties" states:
(1) If, by contract, a term or tenancy for a year or more is to expire on a certain day, the tenant shall abandon the premises on that day, unless by express contract he secures the right to remain longer. If without such contract the tenant shall hold over, he shall not thereby acquire any right to hold or remain on the premises for ninety (90) days after said day, and possession may be recovered without demand or notice if proceedings are instituted within that time. But, if proceedings are not instituted within ninety (90) days after the day of expiration, then none shall be allowed until the expiration of one (1) year from the day the term or tenancy expired. At the end of that year the tenant shall abandon the premises without demand or notice, or stand in the same relation to his landlord that he did at the expiration of the term or tenancy aforesaid; and so from year to year, until he abandons the premises, is turned out of possession, or makes a new contract.