RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1457-MR

MARCY DOOLIN, AS BENEFICIARY
UNDER THE LINDA OWEN MILLER
LIVING TRUST AGREEMENT
DATED DECEMBER 6, 2017                                    APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE TRACY E. DAVIS, JUDGE
ACTION NO. 23-CI-002577

DAVID L. OWEN, AS
ADMINISTRATOR OF THE ESTATE
OF LINDA OWEN MILLER                                      APPELLEE

AND

NO. 2025-CA-0148-MR

MARCY DOOLIN, AS BENEFICIARY
UNDER THE LINDA OWEN MILLER
LIVING TRUST AGREEMENT
DATED DECEMBER 6, 2017                                    APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.             HONORABLE TRACY E. DAVIS, JUDGE
ACTION NO. 23-CI-002577

DAVID L. OWEN, AS
ADMINISTRATOR OF THE ESTATE
OF LINDA OWEN MILLER                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, L. JONES, AND MᶜNEILL, JUDGES.

MᶜNEILL, JUDGE:  This case involves the estate of Linda Owen Miller (Ms. Miller).  Ms. Miller died on September 13, 2022.  Appellee is David L. Owen as Administrator of Ms. Miller's estate (hereafter "Owen").  Owen is Ms. Miller's brother.  The underlying issue here is the validity of a 2017 trust agreement (Miller Trust), naming Appellant, Marcy Doolin (Doolin), as the beneficiary.  The Miller Trust was established by Ms. Miller's attorney, allegedly pursuant to a 2015 General and Durable Power of Attorney (POA).  The parties dispute the authority of the 2015 POA to create the Miller Trust and thus, dispute the validity of the Miller Trust itself.

Doolin filed a petition in Jefferson Circuit Court on April 26, 2023, seeking a declaratory judgment concerning the validity and enforceability of her rights pursuant to the Miller Trust.  Owen filed a motion to dismiss for failure to

state a claim pursuant to CR[1] 12.06, which the court granted. Doolin appeals to the Court as a matter of right. For the following reasons, we affirm.[2]

## STANDARD OF REVIEW

"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue *de novo.*" *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010) (citation omitted). Accordingly, "the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true." *Id.*

As to the denial of Doolin's post-judgment motions, "[t]he standard of review of an appeal involving a CR 60.02 motion is whether the trial court abused its discretion." *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000) (internal quotation marks and footnotes omitted). "Relief pursuant to CR 60.02 is an extraordinary remedy which should be cautiously granted." *Copas v. Copas*, 359 S.W.3d 471, 476 (Ky. App. 2012) (citing *Baze v. Commonwealth*, 276 S.W.3d 761, 765 (Ky. 2008)). A trial court's denial of a CR 60.03 motion is also reviewed

---

[1] Kentucky Rules of Civil Procedure.

[2] While this appeal was pending, Doolin filed a motion for post-judgment relief pursuant to CR 60.02(b) and CR 60.03. The first appeal, Case No. 2023-CA-1457-MR, was held in abeyance pending the outcome of those motions, which were denied by the Jefferson Circuit Court. Doolin appealed. That case, No. 2023-CA-1458-MR, was ordered to be heard by the same panel as Case No. 2023-CA-1457-MR. The present decision dispenses with both appeals.

for an abuse of discretion. *Rogers Group, Inc. v. Masterson*, 175 S.W.3d 630, 636 (Ky. App. 2005) (citations omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Foley v. Commonwealth*, 425 S.W.3d 880, 886 (Ky. 2014) (citation omitted). With these standards in mind, we return to the facts and law at issue.

## ANALYSIS

As a threshold matter, we must address the allegation of lack of subject matter jurisdiction. This was raised but not addressed by the circuit court and has also been discussed by the parties on appeal. The jurisdictional statute at issue here is KRS[3] 386B.2-030. It provides:

> Except with regard to matters otherwise provided for by statute:
>
> (1) The District Court and Circuit Court shall have concurrent jurisdiction of any proceedings in this Commonwealth brought by a trustee or beneficiary concerning any trust matter; and
>
> (2) If a proceeding is initially brought in District Court concerning any trust matter, the jurisdiction of the District Court shall become exclusive with respect to such matter unless, within twenty (20) days of receipt of notice of such proceeding, a party files an action in Circuit Court relating to the same trust matter, in which event the District Court shall be divested of jurisdiction and the Circuit

---

[3] Kentucky Revised Statutes.

-4-

> Court shall have exclusive jurisdiction over such action.

This case has at least two related matters in Jefferson District Court. The first resulted in Ms. Miller being declared partially disabled in managing her personal affairs and wholly disabled in managing her financial affairs. The second district court matter is probate case No. 22-P-005787. Doolin filed a Notice of Action in that case on April 26, 2023, wherein she indicated that she filed the underlying Declaratory Judgment Petition in Jefferson Circuit Court concerning her rights under the Miller Trust. We have not been presented with any indication that the Jefferson Circuit Court was not vested with subject matter jurisdiction here. Therefore, we will now proceed to the merits of the present case.

Doolin's primary issue on appeal is that the circuit court erred in determining that the 2015 POA was never triggered, thus invalidating the Miller Trust *ab initio*. This is a contract issue. "The interpretation of a contract is a question of law." *Stowe v. REALCO Ltd. Liab. Co.*, 551 S.W.3d 462, 465 (Ky. App. 2018). In interpreting a contract, the "agreement must be construed as a whole, giving effect to all parts and every word in it if possible." *Big Sandy Co., L.P. v. EQT Gathering, LLC*, 545 S.W.3d 842, 845 (Ky. 2018) (quoting *City of Louisa v. Newland*, 705 S.W.2d 916, 919 (Ky. 1986)). Furthermore,

> Absent an ambiguity in the contract, the parties' intentions must be discerned from the four corners of the instrument without resort to extrinsic evidence. A

-5-

> contract is ambiguous if a reasonable person would find it susceptible to different or inconsistent interpretations.

*Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 385 (Ky. App. 2002) (citations omitted).

The contract at issue here is the 2015 POA. It provides as follows: "This Power of Attorney shall become **effective only upon my disability** as confirmed by my personal physician in writing and shall be considered to be a Durable Power of Attorney pursuant to K.R.S. 386.093." (Emphasis in original.) Ms. Miller's personal physician was Dr. Francis Weinstock. The circuit court determined that, "[i]f Dr. Weinstock ever confirmed Ms. Miller's disability in writing, prior to the creation of the [Miller Trust], such a writing is not in the record." Therefore, the court concluded that the Miller Trust, erroneously created under the authority of the 2015 POA, was void *ab initio*. We have been presented with no evidence requiring a different result.

Instead, Doolin relies on the district court's determination that Ms. Miller was disabled, as well as statements by other physicians that she was disabled. There also appears to have been a 2016 POA that omitted the strict requirement present in the 2015 POA. In any event, the Miller Trust was created and funded under the authority of the 2015 POA. Thus, absent a written Dr. disability confirmation by Dr. Francis Weinstock, the 2015 POA did not permit the

creation of the Miller trust. Thus, we agree with the circuit court that it was void *ab initio*.

Doolin also requests that we consider the propriety of reforming the Miller Trust pursuant to KRS 386B.4-150, to comport with Ms. Miller's alleged intentions. First, Doolin admits that this statute has had limited application in Kentucky case law, and instead cites to the Uniform Trust Code (UTC), and authority from other states. We decline the opportunity to expand the scope of KRS 386B.4-150. Second, the issue here is the 2015 POA, not the language of the Miller Trust Agreement. If something needed to be reformed, it would be the language of the 2015 POA. Yet, its language is clear. The less strict 2016 POA does not apply here. Any other arguments raised by Doolin lack preservation, sufficient explanation, or are otherwise unpersuasive. Therefore, we affirm Case No. 2023-CA-1457-MR. We will now address the circuit court's order denying post-judgment relief in Case No. 2023-CA-1458-MR.

The newly discovered evidence upon which Doolin relies is as follows: 1) the High Field and Open MRI Report dated September 20, 2017; and 2) the report of the physician member of the disability Interdisciplinary Team, Dr. Gerry-Lynn Wichmann, M.D. In its order denying Doolin's motions under CR 60.02(b) and CR 60.03, the circuit court analyzed that evidence and concluded that it tends to:

buttress and establish that Ms. Miller was, in fact, disabled at the time Kang utilized his powers under the 2015 POA and created the Trust on December 06, 2017. The Court previously presumed as much based on the fact that a Disability Judgment was entered on December 07, 2017. However, the question before the Court is **not** whether Ms. Miller was disabled, but rather whether the 2015 POA – under which Kang exercised his powers to create the Trust – was properly utilized. Again, the 2015 POA was a "springing" power of attorney, with []§ 2 specifically providing that: "This Power of Attorney *shall become* **effective only upon my disability** *as confirmed by my personal physician in writing* and shall be considered a Durable Power of Attorney pursuant to K.R.S. 386.093." (**Emphasis** in original; *emphasis* added).

Neither the MRI Report nor Dr. Wichmann's Report meet this springing condition of the POA. While Petitioner opines that Dr. Weinstock's participation can be inferred by her inclusion on some of the "newly discovered evidence" as the Court has already determined, this is "**not** a substitute for the **express intent and purpose** expressed in Ms. Miller's 2015 POA."[4]

Having considered the additional materials presented in support of Doolin's post-judgment motion and her arguments on appeal, we reiterate that "[r]elief pursuant to CR 60.02 is an extraordinary remedy which should be cautiously granted." *Copas*, 359 S.W.3d at 476 (citation omitted). Despite Doolin's contention that the

---

[4] The court also found that "[o]n the eve of the hearing, on January 21, 2025, Ms. Doolin filed seven (7) pages of Dr. Weinstock's records and nowhere therein does Dr. Weinstock confirm in writing that Ms. Miller was **disabled** prior to December 06, 2017." (Emphasis in original.)

circuit court placed form over substance concerning her physical and mental capacity, we cannot conclude that the circuit court abused its discretion here.

## **CONCLUSION**

For the foregoing reasons, the orders of Jefferson Circuit Court are AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jackson M. Andrews
J. Gregory Troutman
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel M. Oyler
Stephen B. Pence
Louisville, Kentucky